Railroad *v.* Leabow.

RAILROAD *v.* LEABOW.

*(Knoxville.*     October   17,   1896.)

WRIT OF ERROR.  *Sureties on bond for, liable for costs only.*

The sureties on bond for writ of error, without supersedeas, are not liable, since Acts 1859, Ch. 4, for interest on the judgment, but for costs only.

Acts construed: Acts 1859, Ch. 4.

Code construed: §§ 4894, 4895, 4896, 4910, 4914, 4920 (S.); §§ 3879, 3880, 3881, 3894, 3898, 3904 (M. & V.); §§ 3162, 3163, 3164, 3175, 3179, 3184 (T. & S.).

Cases cited and distinguished; Bank *v.* McKenney, 6 Bax., 1.

FROM KNOX.

Appeal in error from Circuit Court of Knox County.   J. W. SNEED, J.

WASHBURN, PICKLE & TURNER for Railroad.

JESSE L. ROGERS for Leabow.

CALDWELL, J.   Isham G. Leabow, administrator of David Martin, deceased, recovered a judgment in the Circuit Court of Knox County, against the Knoxville, Cumberland Gap & Louisville Railroad Co., for $2,200, as damages for the wrongful and negligent killing of his intestate.   From that judgment

13 P—29

the railroad company prosecuted a writ of error, without supersedeas, to this Court.

An affirmance was had at a former day of the present term, and Leabow now seeks a recovery against the sureties on the writ of error bond for the interest accrued on the judgment of the Court below. He is not entitled to such a recovery in such a case. The sureties on this bond are liable for costs only.

In 1811 it was provided by statute that persons suing out writs of error should first enter into bond with security as in cases of appeal. Acts 1811, Ch. 72, Sec. 12, proviso; 2 Scott's Laws, 38; Code, § 3184; Code (M. & V.), § 3904.

In cases of appeal in the nature of a writ of error from a recovery founded upon a written instrument (Code, § 3162; Code (M. & V.), § 3879), as in cases of an appeal from a decree for a specific sum of money, and against the party, in his own right (Code, § 3164; Code (M. & V.), § 3881), the bond should be for debt, damages (which means interest), and costs; and in other cases of appeal in suits at law (Code, § 3163; Code (M. & V.), § 3880), as in other cases of an appeal in the nature of a writ of error (Code, § 3175; Code (M. & V.), § 3894), the bond should be for damages (which means interest) and costs.

Under these provisions, if now in force, the bond in the case before us should have been given for damages and costs, and the defendant in error

Railroad *v.* Leabow.

would be entitled to a judgment against the sureties for interest as well as costs. But the provision as to a writ of error bond, was modified in 1859. An Act was passed in that year, providing "that any person may obtain a writ of error, without supersedeas, by giving bond and security for costs alone, . . . or, if unable to give security, then he may pauperize." Acts 1859, Ch. 4; Code (M. & V.), § 3898. This Act, to the extent indicated, by its plain terms changes the former rule in regard to bonds for writs of error. *Bank* v. *McKinney*, 6 Bax., 1. It has direct application and controlling influence in the present case.

No supersedeas having been sought, the bond for writ of error was properly taken for costs alone, and the sureties on that bond can be required to pay no more.