# Ravenswood Hospital, Appellant, v. Maryland Casualty Company, Appellee.

## Gen. No. 21,736.

1.  INDEMNITY—*when part payment of judgment against insured is made by casualty company under contract of indemnity.*  In an action against a casualty company upon its policy of indemnity agreeing to indemnify the insured to the extent of a certain sum on a single liability for damages on account of injury or death, where judgment was recovered against the insured in a certain case for more than the face of the policy in which appeal was taken, and the surety company on the appeal bond required the insured to give collateral security covering the excess over the face of the policy of the recovery in the case and the casualty company to give indemnity to it to the extent of the face of the policy, and upon such judgment becoming final and the surety company paying the same and taking an assignment thereof the casualty company paid the amount of the policy and the insured the excess over that amount to the surety company, *held* that the insured's contention that the payment by the insurer of the amount of the policy was not made under its policy of indemnity to the insured but under its independent contract with the surety company was without merit.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ravenswood Hospital v. Maryland Casualty Co., 203 Ill. App. 343.

2. INDEMNITY, § 26*—*how much interest insured may recover from casualty company where judgment is rendered for more than face of policy.* Under a policy of indemnity issued by a casualty company agreeing to indemnify the plaintiff, in an action on the policy, to a certain amount on a single liability for damages on account of injury or death, and to defend at its own cost any action for the recovery of such damages, such company is liable for interest on a judgment recovered against the plaintiff to that amount from the date of the judgment, and the plaintiff who has paid the same may recover it from the defendant, but not interest paid by plaintiff on an excess of the judgment over the face of the policy.

3. INDEMNITY, § 25*—*when casualty company is not liable for money paid to husband of injured patient of insured.* Under a policy of indemnity issued by a casualty company agreeing to indemnify a hospital against loss from liability on account of injuries or death suffered by its patients under treatment in consequence of alleged error, mistake or malpractice in such treatment, such company is not liable for money paid to the husband of a patient for damages suffered by him in consequence of injuries or death of such patient.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed February 7, 1917.

CHARLES C. SPENCER, for appellant.

J. F. DAMMANN, JR., for appellee.

. MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The Ravenswood Hospital brought suit against the Maryland Casualty Company to recover $4,095.19 upon a policy of insurance issued by the defendant. The case was tried before the court without a jury, and judgment was entered in favor of the plaintiff for $92.25. Plaintiff prosecutes this appeal, and defendant has assigned cross error.

The facts in the case were stipulated, and so far as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

material are as follows: Plaintiff was conducting a hospital in Chicago, and on July 9, 1907, the defendant issued a policy of insurance to the plaintiff in and by which it agreed to indemnify the plaintiff for a period of one year "against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered by any patient or patients under treatment by the assured, * * * in consequence of any alleged error or mistake or malpractice occurring in the course of said treatment." The policy further provided that the defendant company "will defend, at its own cost, in the name and on behalf of the assured, any civil suit or suits for the recovery of damages for such alleged error or mistake or malpractice, subject to the following conditions:" (a) The defendant's liability for such damages on account of injury or death to one person is limited to $5,000, and the total liability on account of injuries to or death of any number of persons is limited to $10,000; (c) the assured shall give immediate written notice to the defendant of any claim for damages; (d) that if suit is brought to enforce a claim for damages against the assured, it shall immediately notify the defendant, and the defendant will at its own cost defend the suit, in the name and on behalf of the assured, unless it shall elect to pay the claim; (e) the assured shall not without the written consent of the defendant incur any expense or settle any claim, except at its own cost, nor interfere in any negotiations for settlement, nor in any legal proceedings, without the written consent of the defendant.

It further appears that while the policy was in force, a patient was injured while in plaintiff's hospital, for which suit was brought. There was a verdict in the case for $10,000 in favor of the patient. The court required a remittitur of $2,500, and judgment was entered for $7,500. An appeal was prosecuted to this

346 APPELLATE COURTS OF ILLINOIS.

Ravenswood Hospital v. Maryland Casualty Co., 203 Ill. App. 343.

court, where the judgment was affirmed (*Appell v. Ravenswood Hospital*, 167 Ill. App. 187), and a writ of certiorari was later denied by the Supreme Court. In that case, the Circuit Court, in allowing the appeal, fixed the bond at $9,000. After the judgment had become final, July 29, 1912, the surety on the appeal bond paid the same and took an assignment of the judgment, the amount paid being $8,642.25. This amount was made up of $7,500 principal, $1,125 interest and $17.25 court costs. The surety company, before signing the bond, required the plaintiff to deposit with it collateral security for $3,000, and required the defendant to indemnify the surety company to the extent of $5,000. Upon assignment of the judgment to it, the surety company threatened to issue execution, and demanded that the defendant pay it $5,000 and the plaintiff $3,642.25, which payments were made. The plaintiff paid $2,500 of the judgment, $1,125 interest on the entire judgment pending the appeal, and $17.25 court costs. These are the items plaintiff seeks to recover in this suit, and in addition $75 which it paid the husband of the patient to settle his claim for damages on account of injuries to his wife. The court allowed the plaintiff this $75 and $17.25 court costs, making $92.25 for which judgment was entered, but disallowed the balance of plaintiff's claim.

Plaintiff first contends that it is entitled to recover the entire amount it paid the surety company, $3,642.24, together with interest thereon from the time of such payment, for the reason that this was the loss sustained by the plaintiff, and was covered by the contract of insurance; that the payment of the $5,000 by the defendant to the surety company was not paid under the policy, but under the provisions of an independent contract between defendant and the surety company while the policy provided that payment should be made to the hospital. It appears that both

parties desired to prosecute the appeal, and it was therefore necessary to secure a surety. When the judgment was assigned to the surety company, it could then have enforced it in its entirety against the hospital. Under these circumstances, the defendant paid the $5,000 under the policy, and thereby relieved the hospital to that extent. The contention of the plaintiff is clearly without merit.

Plaintiff next contends that the defendant is liable for interest on the whole of the judgment against the plaintiff from the date of the entry thereof, or at least for the interest paid by the plaintiff on the $5,000, the portion of the judgment paid by the defendant.

In support of this contention it is argued that, by the terms of the policy, the defendant agreed to indemnify the plaintiff against loss from the liability imposed by law on account of bodily injuries to patients, and agreed to defend any litigation arising out of any matters covered by the policy at its own costs, and that the interest which accumulated on the judgment pending the appeal is a part of such costs. To sustain its position in this regard plaintiff cites *Aetna Life Ins. Co. v. Bowling Green Gas Light Co.,* 150 Ky. 732, and *Century Realty Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co.,* 179 Mo. App. 123, 161 S. W. 624. In these cases it was held that interest which accumulated on judgments pending appeal could be recovered under policies similar to the one before us, as being part of the costs of the suit.

On the other side, defendant contends that it is not liable under the policy for such interest; that the policy insures *"against loss from liability* as contradistinguished to insurance against *liability"*; that under such a policy nothing is due until the loss has been paid, and that at or about the time the plaintiff paid its portion of the judgment the defendant paid $5,000 of such judgment and therefore nothing can be recovered in this case. In support of this contention

348 APPELLATE COURTS OF ILLINOIS.

Ravenswood Hospital v. Maryland Casualty Co., 203 Ill. App. 343.

many authorities are cited, among them being the following: *Davison v. Maryland Casualty Co.*, 197 Mass. 167, 83 N. E. 407; *Coast Lumber Co. v. Aetna Life Ins. Co.*, 22 Idaho 264, 125 Pac. 185; *Puget Sound Imp. Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co.*, 52 Wash. 124, 100 Pac. 190; *Munro v. Maryland Casualty Co.*, 48 N. Y. Misc. 183, 96 N. Y. Supp. 705; *Maryland Casualty Co. v. Omaha Electric Light & Power Co.*, 157 Fed. 514; *Conqueror Zinc & Lead Co. v. Aetna Life Ins. Co.*, 152 Mo. App. 332; *United States Fidelity & Guaranty Co. v. Maryland Casualty Co.*, 182 Ill. App. 438; *Campbell v. Maryland Casualty Co.*, 52 Ind. App. 228; *Connolly v. Bolster*, 187 Mass. 266; *Cushman v. Carbondale Fuel Co.*, 122 Iowa 656; *Carter v. Aetna Life Ins. Co.*, 76 Kan. 275, 91 Pac. 178; *Frye v. Bath Gas & Electric Co.*, 97 Me. 241. In each of these cases the policy contained a provision similar to the provision in the policy in this case, and, in addition, a condition that no action should lie against the company for any loss, unless brought to reimburse the assured "for loss actually sustained and paid by him in satisfaction of a judgment, after trial of the issues." The *Davison* case, *supra*, is typical of all the authorities cited by the defendant. In that case it was held that the casualty company was not liable for interest which had accrued on the judgment pending the appeal, in addition to the face of the policy of $5,000. The court there said: "The contract here sued on is one to 'indemnify' the plaintiff 'against loss from common-law or statutory liability for damages on account of bodily injuries * * * caused through the negligence of the assured," etc. What is meant by the words 'against loss' is described in article 8 of the conditions precedent to which the insurance is stated to be subject. Article 8 provides that no action shall lie for 'any loss,' unless brought 'to reimburse' the

assured 'for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue.' * * * The result of these provisions is that the plaintiff was to be reimbursed for sums paid by him, not exceeding $5,000, on judgments recovered after a trial founded on accidents described in the policy. See *Connolly v. Bolster*, 187 Mass. 266, and cases there cited.''

It will be noted that the defendant in that case is the same as the defendant here, and, further, that the policy in the case at bar contains no provision such as that mentioned in article 8 above quoted. The distinction between a policy such as the one before us and one containing the two provisions as in the *Davison* case, *supra*, is clearly pointed out by the Missouri Court of Appeals in the *Century Realty Co.* case, *supra*. In that case the Realty Company was insured in the Frankfort Company and Travelers Liability Company, a policy being issued by each company. An employee of the Realty Company recovered a judgment against it on account of injuries sustained in the sum of $5,000, which judgment was to draw six per cent. interest. The Frankfort Company by the terms of its policy agreed to indemnify the Century Company against loss arising from legal liability for damages on account of bodily injuries, etc. The liability on account of injury or death of any one person was limited to $5,000, and for any one accident resulting in the death of several persons, to $10,000. It also contained provisions with reference to notice, and that the company should defend any suit at its own cost, and that it should have charge of all suits growing out of any accident covered by the policy. Similar provisions were contained in the policy issued by the Travelers Company, and in addition the following: ''No action shall lie against the company as respects any loss under this policy, unless it shall be brought

by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment, after trial of the issue.'' The court held that the Travelers Company was not liable for interest which had accrued on the judgment pending an appeal on account of the provision in the policy just quoted. The court, however, held that the Frankfort Company was liable for such interest, in addition to the face of its policy, under the provisions with reference to costs. The court there analyzed most of the cases cited by counsel here. In the case at bar, the provisions in the policy were substantially the same as those contained in the policy of the Frankfort Company. We, however, are of the opinion that in and by the terms of the policy, the defendant agreed that it would indemnify the plaintiff for damages sustained on account of any patient being injured by reasons of mistake or malpractice while in the plaintiff's hospital to the extent of $5,000. Therefore the damages to the extent of that amount must be taken care of by the defendant, and when that item is increased by the postponement of payment, the interest is merely an accumulation to the principal sum, which the company has agreed to take care of, and in so doing the defendant pays no more than it agreed to, for it has had the use of the $5,000 from the time the judgment was entered in the trial court until it was paid. Moreover, under the terms of the policy, the defendant had entire charge of the litigation, and as it did not see fit to pay the judgment when it was rendered, nor permit the plaintiff to do so, it cannot be heard to say that its liability has been increased by the accumulation of interest. The conclusion reached not only gives effect to the terms of the contract but is in accord with every principle of justice, since by the postponement of the day of payment each party retains the use of the amount upon which it is obliged to pay interest. If defendant were

not liable for its share of the interest, it could by the postponement of the day of payment reduce the amount of its burden and increase that of the assured. We, however, are of the opinion that this is the extent of defendant's liability, and that it should not be required to pay interest on the entire judgment.

Plaintiff next contends that the defendant is liable for the $75 which it paid to the husband of the patient who obtained the judgment against it, on account of injuries sustained by such husband by reason of the injuries to his wife. In support of this contention, it is argued that the injury to the husband arose out of the same accident as did the injury to his wife, but that it was a separate injury to him; that the defendant agreed to indemnify it against loss from liability for damages on account of bodily injuries suffered. The policy provides that the Casualty Company agrees to indemnify the hospital against loss from liability "on account of bodily injuries or death suffered by any patient or patients under treatment by the assured or at the assured's hospital, in consequence of any alleged error or mistake or malpractice occurring in the course of said treatment." We think it clear from this provision that defendant's liability was limited to claims made by the patient for bodily injuries and did not cover a claim made by the patient's husband, who may have suffered damages as a consequence of such injuries.

For the reasons stated, the plaintiff is entitled to the interest on $5,000 from the date judgment in favor of the patient was entered, July 20, 1909, until it was paid, July 29, 1912, at five per cent., $756.25, plus $17.25 court costs which is conceded, making a total of $773.50, less the $75 claimed in defendant's set-off which it paid on account of the claim made by the husband of the patient, leaving a balance due the plaintiff in this case of $698.50.

The judgment of the Municipal Court of Chicago is therefore reversed and judgment will be entered in this court in favor of the plaintiff and against the defendant for $698.50.

*Judgment reversed and judgment here.*