# NATIONAL REFINING Co. *v.* GEORGE W. LITTLEFIELD.

## (*Nashville.* December Term, 1919.)

1. **EXCEPTIONS, BILL OF.** Must be filed within term unless time is extended.

The bill of exceptions must be filed during the trial term or within such additional time not exceeding sixty days as the court may grant, under the authorty of Pub. Acts 1917, chapter 49. (*Post, p.* 692.)

Acts cited and construed: Acts 1917, ch. 49.

Case cited and approved: Dunn v. State, 127 Tenn., 267.

Code cited and construed: Secs. 136, 137 (S.).

2. **EXCEPTIONS, BILL OF.** Continuing motion for new trial to next term does not extent time for bill.

Pub. Acts 1899, chapter 40, providing that, when a case is on trial when the term expires, the term shall be continued for the purpose of disposing of the case, does not permit the filing of a bill of exceptions after the expiration of the trial term without an order extending the time merely because the court continued until the next term the determination of the pending motion for new trial. (*Post, pp.* 692-694.)

Acts cited and construed: Acts 1899, ch. 40.

Cases cited and approved: Dunn v. State, 127 Tenn., 272; Rhinehart v. State, 122 Tenn., 698.

3. **EXCEPTIONS, BILL OF.** Can be filed after denial of new trial at subsequent term only by leave.

Pub. Acts 1919, chapter 157, providing that, when a motion for new trial is overruled at a subsequent term of the court, a party may by leave of the court have a bill of exceptions within thirty days from the decision of the motion, does not entitle the party to

142 Tenn.—44.

a bill of exceptions unless leave of court was applied for and granted. (*Post, pp.* 694, 695.)

Acts cited and construed: Acts 1919, ch. 157.

FROM SHELBY.

Appeal from the circuit court of Shelby County. to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. BEN L. CAPELL, Judge.

WRIGHT, MILES WARING & WALKER, for plaintiff in error.

MARSILLIOT & BUSBY, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This suit was instituted to recover damages for the alleged wrongful death of George B. Littlefield, who was run over and killed by an automobile truck belonging to the National Refining Company, and operated at the time by one of its employees.

There was a verdict in the lower court for $6,000 actual damages, and for $3,000 punitive damages.

On appeal the court of civil appeals affirmed the judgment of the lower court without going into the merits of the case upon the ground that the record contained no valid bill of exceptions.

The circuit courts of Shelby county have five terms each year beginning on the third Monday in January,

March, May, September, and November. Shannon's Code, sections 136, 137.

The verdict of the jury was rendered on October 31, 1919 (which was at the September term), and judgment was rendered on the verdict on the same day.

On November 8th the following order was entered on the minutes:

"George W. Littlefield v. National Refining Company. 35806 T. D.

"In this cause the motion for a new trial was taken under advisement."

On Saturday, November 15, 1919, the following general order was entered on the minutes of the court, to wit:

"Saturday Nov. 15, 1919.

"The same being the last day of the September term of said court, it is ordered by the court that all motions, writs of inquiry, suits and other matters not disposed of at this term of court be, and the same are hereby, continued unto the coming November term of this court. Whereupon the court adjourned until court in course, to wit, the third Monday in November, 1919, at 10 o'clock a. m.

"BEN L. CAPELL, Judge."

The next entry appearing on the minutes is as follows:

"George W. Littlefield v. National Refining Company. 35806 T. D.

"Entered Saturday Nov. 22, 1919.

"This cause came on this day to be heard upon the motion for new trial herein, and the same, having been heard and duly considered by the court, is overruled, and a new trial refused, to which action of the court the defendant excepted, and prayed an appeal to the next

term of the Court of Civil Appeals, which appeal is granted upon the execution of an appeal bond as required by law.''

On December 18, 1919, the National Refining Company filed its appeal bond, and on the same date filed its bill of exceptions.

No order was ever entered upon the minutes extending the time within which to file a bill of exceptions.

It will be noticed that the bill of exceptions was not filed during the trial term, and no leave was obtained to file same at any subsequent time.

Under the holding of this court in *Dunn* v. *State,* 127 Tenn., 267, 154 S. W., 969, and the cases cited therein, the bill of exceptions must be filed during the trial term, or within such time after the adjournment of the term, not exceeding thirty days, as the judge may grant.

By chapter 49 of the Acts of 1917, the time was extended to sixty days. It will thus be seen that the plaintiff in error did not bring itself within the rule announced in the above case.

But it is insisted upon behalf of the plaintiff in error that under and by virtue of chapter 40 of the Acts of 1899 the plaintiff in error has thirty days after its motion for a new trial was overruled within which to file a bill of exceptions.

This contention is based upon the theory that under said act, as construed by this court, that where the court is not formally adjourned, but that matters are carried over from the trial term into the next or succeeding term, it necessarily follows that all matters

necessary to complete the record are also carried over.

.Chapter 40 of the Acts of 1899 provides:

"That whenever in the courts of this state any case is pending, and on trial by court or jury, undetermined at the time the term at which it is pending expires, on account of time, and on account of the arrival of the succeeding term, the term shall be extended and continued into such succeeding term for all the purposes of trying, disposing of, and returning verdict and rendering jugment in such case so pending and on trial, the same as if such new term had not arrived."

This statute has been construed a. number of times by this court. One of the latest utterances relative thereto will be found in *Dunn* v. *State,* supra, 127 Tenn., 272, 154 S. W., 969, where it was said:

"Likewise the judge, by adjourning from day to day, as usual, or to a day certain before final adjournment, may extend the term, when a case is on trial and uncompleted when the regular time for adjournment of the court by law arrives, and in such a case may, as incident thereto, act on a motion for new trial, and sign a bill of exceptions before he closes the term [citing authorities]; but he cannot sign such bill of exceptions after he has formally adjourned the term of the court . . . unless within the term, by order on the minutes, time be granted, not exceeding thirty days from the date of adjournment, for the making and filing of a bill of exceptions."

In the instant case there was no adjourning from day to day, or to a day certain before final adjournment, but there was a formal adjournment of the court

for the term, and, after formal adjournment of the term, the trial judge cannot sign a bill of exceptions. *Rhinehart* v. *State,* 122 Tenn., 698, 127 S. W., 445.

In the last-cited case it was expressly held that a continuance of a motion for a new tral to the next term did not carry the whole case over into the next term so as to authorize thereat a bill of exceptions to be signed and filed.

But it is further insisted that the purpose of chapter 157 of the Acts of 1919 was to permit parties to file their bills of exceptions within thirty days after the motion for a new trial has been disposed of, without the necessity of extending and entering formal orders to that effect.

Chapter 157 of the Acts of 1919 is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that whenever a motion for a new trial has been filed in a suit tried in any of the criminal or circuit courts in this State within the time allowed by law and by rule of said court, and said motion has not been acted upon by said court at the time of the adjournment of its term, but shall be overruled at the next, or any subsequent term of said court, any party to such suit may, by leave of court, tender, have approved and filed a bill of exceptions within thirty days from and after the date of the court's action upon such motion for a new trial.

"Sec. 2. Be it further enacted, that a bill of exceptions filed as provided in section 1 of this act shall have same force and effect as a bill of exceptions filed within the time now provided by law.

"Sec. 3. Be it further enacted, that all laws and parts of laws in conflict with this act be and they are hereby repealed."

"Sec. 4. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it."

The act is plain and specific, and provides that, where a motion for a new trial is acted upon by the trial court at a term subsequent to the one at which it is made, any party, by leave of the court, may file a bill of exceptions within thirty days from and after the date of the court's action upon such motion for a new trial.

In the present case, upon the overruling of the motion for a new trial, no leave of the court was obtained to file a bill of exceptions within thirty days, as provided by the act.

The motion for a new trial was overruled on November 22d, and the bill of exceptions was filed on December 18th following. Had the plaintiff in error obtained an order of the court allowing it thirty days within which to file its bill of exceptions, same would have been filed in time. But, having failed to obtain such order, it necessarily followed that plaintiff in error did not have thirty days within which to file its bill of exceptions.

The court of civil appeals was correct in holding that the bill of exceptions was not filed in time, and hence could not be considered by the court.

It results that the petition of the plaintiff in error for a writ of *certiorari* will be denied.