# ROBERT E. SPEARS *et al v.* A. N. SHERMAN.

## (*Knoxville.*  September Term, 1923.)

1. **APPEAL AND ERROR:** "Damages" within contemplation of appeal bond statute stated.

   "Damages" contemplated by Shannon's Code, section 4895, providing in appeals in suits at law the bond is for damages, costs, and interest, are damages in consequence of the appeal which is interest upon the judgment from its rendition in the lower court to final judgment. (*Post, p.* 428.)

   Cases cited and approved: Mason v. Smith, 79 Tenn., 67; Railroad v. Leabow, 97 Tenn., 450.

   Code cited and construed: Sec. 4894 (S.).

2. **APPEAL AND ERROR:** Liability for damages of appeal cannot be read into appeal bond by courts.

   Under Shannon's Code, section 4937, providing that no omission or neglect to insert the proper conditions shall vitiate or impair the validity of an appeal bond, courts cannot read into such a bond conditioned that the sureties would "pay all costs adjudged against" appellant the obligation to pay damages of the appeal. including interest on the judgment rendered below, notwithstanding section 4895, providing that the bonds shall be for costs, damages, and interest. (*Post, pp.* 428, 429.)

   Cases cited and approved: State v. Polk, 82 Tenn., 1; Mason v. Smith & Harris, 79 Tenn., 67; Banks v. Brown, 12 Tenn., 198; Maxwell v. Salts, 44 Tenn., 235; Ogg v. Leinart, 48 Tenn., 40; Dawson v. Holt, 80 Tenn., 29; Nichol v. McCombs, 10 Tenn., 83; Triplet v. Gray, 15 Tenn., 17; E. T. Murray & Co. v. Yeaman, 115 Tenn., 639; Denton v. Wood, 79 Tenn., 507.

   Codes cited and construed: Secs. 4894, 4895, 4910, 4935, 4937 (S.).

Spears v. Sherman.

3. **APPEAL AND ERROR.** Rule against maker remedy for insufficient appeal bond.

The remedy for an insufficient appeal bond is a rule against the maker requiring compliance with the law, failure in which warrants dismissal. (*Post, p.* 429.)

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. VON A. HUFFAKER, Judge.

T. C. DRINNEN, for Spears and others.

A. C. GRIMM and STEINMETZ & MITCHELL, for Sherman.

MR. JUSTICE COOK delivered the opinion of the Court.

The court of civil appeals affirmed a judgment in an action of tort rendered against Robert E. Spears, Hugh G. Boyd, and Bruce Drinnen. Upon *certiorari* the supreme court affirmed the judgment October, 1921.

Drinnen had executed an appeal bond with George W. Blair and J. W. Drinnen as sureties, and judgment was rendered against Drinnen, principal, and Blair and J. W. Drinnen, sureties, on the appeal bond for costs and for $73.80 interest accrued from the rendition of the judgment to the date of affirmance. The sureties have filed a petition seeking relief from the judgment of $73.80. The condition and obligation of the bond signed by the

sureties was "to pay all costs adjudged against Bruce Drinnen on his appeal."

By section 4894, Shannon's Code, in appeals founded on written instruments and accounts, the bond shall be for debt, damages and costs, and by section 4895, upon other appeals in suits at law, the bond is for damages and costs and interest at the legal rate.

The damages contemplated by section 4895 is damages in consequence of the appeal, which is interest upon the judgment from its rendition in the lower court to final judgment in the appellate court. *Mason* v. *Smith,* 11 Lea, 67; *Railroad* v. *Leabow,* 97 Tenn., 450, 37 S. W., 197.

The obligors bound themselves to pay costs of appeal, and not costs and damages as required by the statute. The question is whether the court can read into the bond this omission, and hold the sureties beyond the terms of their obligation. It cannot be done unless the statute extends their liability.

Statutes covering the subject are found in Shannon's Code, sections 4894, 4895, 4910, 4935, and 4937. These sections provide for the bond on appeal, writ of error and *certiorari* and *supersedeas,* and section 4937 provides that no omission or neglect to insert the proper conditions shall vitiate or impair the validity of the bond. This, after all, is but declaratory of pre-existing law, and could not be construed to extend a surety's liability beyond the terms of his actual obligation, which is *stricti juris.*

In *State* v. *Polk,* 14 Lea, 1, it was said the surety cannot be held beyond the terms of the bond, for the obvious reason that persons can only be bound by the contract they enter into.

In *Mason* v. *Smith & Harris,* 11 Lea, 67, 69, a surety on

the defendant's appeal bond in an action upon a note was not liable for the debt where the obligation was to pay only damages and costs.. The court so held notwithstanding the statutory bond required in such appeals was for debt, damages, and costs. To the same effect are the cases of *Banks* v. *Brown,* 4 Yerg., 198; *Maxwell* v. *Salts,* 4 Cold., 235.

*Ogg* v. *Leinart,* 1 Heisk., 40, is not in conflict. There the sureties on a prosecution bond in the chancery court were held to have obligated themselves in contemplation of the inherent power of that court to exercise a discretion in the taxation of costs. See *Dawson* v. *Holt,* 12 Lea, 29.

The rule is otherwise in courts of law where the sureties' liability has never been extended beyond the terms of the obligation. So when appeal bonds required to be conditioned for debts, damages, and costs are conditioned for damages and costs only, the judgment will be to that extent; if for costs alone, it will be limited to costs. *Nichol* v. *McCombs,* 2 Yerg., 83; *Banks* v. *Brown,* 4 Yerg., 198; *Triplet* v. *Gray,* 7 Yerg., 17; *E. T. Murray & Co.* v. *Yeaman,* 115 Tenn., 639, 651, 91 S. W., 1111.

In accord with these are the cases of *Dawson* v. *Holt,* 12 Lea. 29; *Denton* v. *Wood,* 11 Lea, 507.

The remedy for an insufficient bond is a rule upon the maker requiring compliance with the law. Failure to comply would result in a dismissal. Such has been the practice in our courts, rather than read into an appeal or cost bond an obligation that the sureties did not assume.

It results, therefore, that the petition of the sureties must be allowed, and the judgment modified so as to conform to their obligation to pay all costs of appeal.