BANK & TRUST COMPANY v. JOHN O. PARIS et al.

Middle Section.    March 20, 1926.

No petition for Certiorari was filed.

1. Appeal and error.    Appeal bond in appeal from a judgment on a note must be for judgment, damages, and costs.
    Under Shannon's Code, section 4894, the appeal bond given in appeal from a judgment on a note must be for the amount of the judgment, damages and costs.

2. **Appeal and error. Bill of exceptions must be filed within the time allowed by the court.**

The appellate court will not consider an appeal where all of the assignments of error are based upon facts set out in the bill of exceptions and the bill of exceptions was not filed within the time given by the court.

Appeal in Error from Circuit Court, DeKalb County; Hon. R. W. Smartt, Judge.

Judgment affirmed.

C. C. Jackson, of Smithville, for plaintiffs in error, Bell and Cantrell.

J. E. Drake, of Smithville, for defendant in error, Bank & Trust Co.

CROWNOVER, J. This case is not styled correctly in this court. It should be styled Jno. O. Paris et al., plaintiffs in error against Bank & Trust Company, defendant in error, but for convenience, we will treat the parties as styled in the lower court.

The plaintiff, Bank & Trust Company, sued the defendants, Jno. O. Paris, J. T. Bell and T. C. Cantrell, on a $250 note before a justice of the peace, and the case was appealed to the circuit court where it was tried by the judge without a jury and resulted in a judgment against the defendants. The defendants, Bell and Cantrell, have appealed in error to this court.

The case was tried in the circuit court on March 7, 1925, and judgment entered. On said date the said two defendants excepted and prayed an appeal to this court, and were granted thirty days to perfect the appeal and file the bill of exceptions.

Sometime later on said defendants made a motion for a new trial, which was overruled, and they then made a motion in arrest of judgment, which was also overruled and then the defendants excepted and prayed an appeal in error, which was granted and they were allowed thirty days in which to file an appeal bond and a bill of exceptions. The exact dates of the filing and overrulement of these motions are not shown by the record, other than that the bill of exceptions shows that they were made and overruled on or before March 23, 1925, as that was the date the trial judge signed the bill of exceptions.

The appeal bond and the bill of exceptions were not filed until July 28, 1925, which was more than thirty days after the appeal was granted.

The conditions of the appeal bond are not as provided by law in appeals from a judgment on a note. Such bond must be for the amount of the judgment, damages and costs. See Shannon's Code, section 4894; Gibson's Suits in Chancery (Revised Edition), sec. 1268; Caruther's History of a Lawsuit (5 Ed.), p. 330; Spears v. Sherman, 148 Tenn., 430.

A· bill of exceptions must be filed at the term of the court when the judgment is rendered unless the time is extended. National Refining Co. v. Littlefield, 142 Tenn., 689.

By chapter 49 of the Acts of 1917, the judge or Chancellor may allow sixty days from and after adjournment of court to prepare and file a bill of exceptions. Shannon's Code, section 4693a1.

A bill of exceptions must be filed within the time allowed by the court. Muse v. State, 22 Pick., 181; Hinton v. Ins. Co., 2 Cates, 113, 117-120.

In this case the bill of exceptions was not filed until long after the time allowed by the judgment overruling the motion for a new trial and in arrest of judgment; hence, we cannot in the present state of the record consider the evidence set out in the bill of exceptions. All of the assignments of error are based upon the facts as set out in the bill of exceptions; hence, we cannot consider any of the assignments of error.

It results that the assignments of error must be overruled and the judgment of the lower court affirmed. The cost of the appeal is adjudicated against the plaintiffs in error, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.