STATE *ex rel.* W. M. LEWIS *v.* JOHN C. MCLEMORE, CLERK.*

## (*Nashville.*   December Term, 1926.)

Opinion filed, February 12, 1927.

1. **AUTOMOBILE FOR HIRE. Insurance or bond. Construction of
   chapter 729, Private Acts 1925. Mandamus.**
   The provisions of Private Acts, 1925, chapter 729, are not applicable
   to automobile driven for hire by an owner who uses a fixed stand,
   and charges fare proportioned to the haul and number of passen-
   gers in each case, but not operating "between fixed **termini**, or
   over a regular route."   (Post, p. 60.)
   **Citing:** Haley v. Killough Hamilton Equity, Feby., 1926.

2. **STATUTES. Construction. Intent.**
   While in arriving at the intent, which is always important, the ap-
   parent general purpose of legislature may be considered.   (Post,
   p. 61.)

3. **SAME. Same. Levying taxes or duties.**
   Statutes imposing taxes or duties upon citizens will not be extended
   by implication beyond the clear import of the language used, nor
   will their operation be enlarged so as to embrace matters not
   specifically pointed out, although standing upon a close analogy.
   (Post, p. 61.)
   **Citing:** Plow Co. v. Hays, 125 Tenn., 155.

### STATEMENT OF THE CASE BY REPORTER.

This is a mandamus proceeding.   The relator claiming to be en-
gaged in the business of operating an automobile for the carrying of
passengers for hire in the city of Memphis, and therefore, entitled
to a license from the county court clerk upon the payment of a priv-
ilege tax, sought by the bill to compel the clerk to issue such license.
The clerk refused to issue the relator a license upon the ground that
the relator had failed and refused to execute a bond or insurance
policy to make compensation for injury to persons or damage to prop-
erty resulting from the negligent operation of motor vehicles as

provided and required by chapter 729, of the Private Acts of the General Assembly of 1925.

The legal question involved is based upon the fact that the relator was engaged in the operation of an automobile, driven for hire by an owner who uses a fixed stand, and charges fares proportioned to the haul and number of passengers in each case, but not operating "between fixed termini, or over a regular route."

The Chancellor was of the opinion, and so held, that the relator's business was within the definition of the Act involved, and therefore, he was not entitled to the writ without complying with the provisions thereof.

---

*Headnotes 1. Carriers, 10 C. J., section 43; 2. Statutes, 36 Cyc., pp. 1110, 1189, 1190.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— Hon. WIGHTMAN HUGHES, Chancellor.

L. D. BEJACH, for appellant.

BELL & PHILLIPS, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Construction of chapter 729, Private Acts of 1925, is involved. The learned Chancellor, in this mandamus proceeding, has held the act applicable to an automobile driven for hire by an owner who uses a fixed stand, and charges fares proportioned to the haul and number of passengers in each case, but not operating "between fixed termini, or over a regular route." In the case of *Haley* v. *Killough, Clerk,* Hamilton Equity, decided in Febru-

ary, 1926, the Chancellor reached a different conclusion, holding the act inapplicable to taxicabs and autos not operating between fixed *termini.*

While it is conceded that the language of this act is involved and ambiguous, it is insisted that, viewing the act as a whole, and having in mind the evil to be remedied and protection to the public sought to be afforded, all motor driven vehicles for hire coming within the definition of taxicabs, set out in Section 1 of the act, should be held to come within its provisions requiring insurance to be carried for the benefit of the public.

The caption is broad, covering all "motor vehicles . . . for hire," and the word "taxicab" is given a definition practically as broad, and it may be plausibly contended that the protection sought to be provided might fairly be so extended, but the language of section 2 is definitely limited. "It shall be unlawful for any person . . . to operate any motor vehicle . . . for hire, between fixed *termini,* without executing bond or providing insurance," etc. This is the controlling language of the act. The broad terms of the caption and the references to taxicabs contained in the body of the act, fairly suggest a possible original purpose to enact legislation which would apply to *all* motor vehicles driven for hire, whether strictly taxicabs or not (except when coming under a municipal ordinance having similar requirements), but the manifest ambiguity and confusion in the frame and language of the act as it now appears, indicates restrictive changes inartificially made before final passage.

However this may be, we find the language of the act heretofore quoted declaring "what shall be unlawful" reasonably clear. While in arriving at the intent, which is always important, the apparent general purpose of

legislation may be considered, "it is also a settled rule of construction in this State," as said by Mr. Justice LANSDEN in *Plow Co.* v. *Hays,* 125 Tenn., 155, "that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing upon a close analogy. . . . burdens are not to be imposed beyond what the statute expressly imports." It results that the judgment must be reversed and a decree will be entered here for the petitioner.