CHATTANOOGA DAYTON BUS LINE, F. S. WINGATE, MARY-
LAND CASUALTY COMPANY *v.* MYRTLE BURNEY, G. L.
HARRISON, EMMA HARRISON AND F. T. CURL.*

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

---

*On constitutionality or validity of statute or ordinance requiring
owner or operators of automobiles for hire to carry insurance, see
annotation in 22 A. L. R., 230; 39 A. L. R., 1029; R. C. L. Perm. Supp.,
p. 640.

BACHMAN, WILKERSON & WILKERSON and C. G. MILLI-GAN, for plaintiffs in error.

STRANG & FLETCHER, for defendants in error, G. L. and Emma Harrison.

JOE FRASSRAND, for defendants in error, Myrtle Burney & F. T. Curl.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Each of the defendants in error, except G. L. Harrison, filed a separate suit against the plaintiffs in error for damages for personal injuries sustained when the automobile in which they were riding collided with a motor driven bus, owned and operated by plaintiffs in error,

Chattanooga Dayton Bus Line and F. S. Wingate. The suit of G. L. Harrison is for damages sustained by him because of the injuries suffered by his wife, Emma Harrison.

The several cases were tried jointly, with verdict and judgment in each case against the plaintiffs in error, who unsuccessfully made a joint motion for a new trial in the circuit court, and now prosecute their appeal in the nature of a writ of error. The appeal in error was transferred to this court by the Court of Appeals, because of the constitutional question presented. Acts 1925, chapter 100, section 10.

We are without jurisdiction to consider the several assignments of error directed to the action of the circuit court in overruling the motion for a new trial, for the reason that the plaintiffs in error failed to make their bill of exceptions a part of the record as required by statute. The bill of exceptions appearing in the transcript cannot be treated as a part of the record, for two reasons:

First. Trial and verdict were had at the January term of the circuit court. On May 1, 1928, during the January term, an order was entered reciting that motion for a new trial had been made and that "said motion for a new trial is continued from the January term of Court to the May term of Court." The motion was overruled on May 7, 1928, which was the first day of the May term. Acts 1915, chapter 140. The court could then allow only thirty days from the day the motion for a new trial was overruled, within which to file a bill of exceptions. Acts 1919, chapter 157; Acts 1921, chapter 72; *National Refining Company* v. *Littlefield,* 142 Tenn., 689.; *Sells* v. *State,* 156 Tenn., 610; *Austin* v. *State,* 157 Tenn., 202. The circuit court allowed plaintiffs in error sixty days within

which to file their bill of exceptions, which was contrary to the provisions of the statutes cited. The bill of exceptions was filed on July 11, 1928, which was more than thirty days from the date the motion for a new trial was overruled.

Second. The order overruling the motion for a new trial and granting time for the filing of a bill of exceptions was entered on the minutes of the trial court on May 28, 1928; but it recites that the motion was heard on May 7, 1928, and overruled. The concluding sentence of the order is: "This order is entered *nunc pro tunc*." The purport and effect of the entry is that the several orders therein were made by the court on May 7, 1928, and should be given effect from that date. The time allowed for filing bill of exceptions, therefore, began to run from the date the order was in fact made, May 7, 1928. The bill of exceptions was filed on July 11th, more than sixty days after the order was made. So, even if the order granting sixty days were authorized by law, it was not complied with, and the bill of exceptions did not become a part of the record.

In this state of the record we may consider only the assignment of error directed to the action of the circuit court in overruling the demurrer of the plaintiff in error, Maryland Casualty Company.

The Maryland Casualty Company was sued as the insurer of the Chattanooga Dayton Bus Line and F. S. Wingate, by a policy of insurance procured and issued in accord with the provisions of Private Acts 1925, chapter 729. The demurrer challenges the constitutionality of this statute as in violation of article XI, section 8 of the Constitution of the State.

This statute was applied and enforced by this court in *United States Fidelity and Guaranty Company* v. *Allen,* 158 Tenn., 504; and was construed in *State ex rel.* v. *McLemore,* 155 Tenn., 59.

The statute prohibits the operation of motor vehicles for hire, between fixed termini or over a regular route, without executing bond or providing insurance, for the benefit of the public and to provide for compensation for injuries to person or property, resulting from the negli- gent operation of such motor vehicles. Under the pro- visions of the statute, "any person injured in person or property by the negligent operation of such a motor vehicle is entitled to institute suit jointly against the owner or operator of said machine and the obligor or insurer on said bond or policy." *United States Fidelity & Guaranty Company* v. *Allen, supra.*

The application of the statute is expressly limited to the operation of motor vehicles in "counties having a population of more than 110,000 by the Federal Census of 1920, or any subsequent Federal Census."

It is urged that the effect of this limitation is to con- fine the application of the statute to the four largest counties of the State, to the prejudice of operators of motor vehicles therein; thereby creating arbitrary dis- criminations, and suspending the general law in the counties within the application of the statute.

The necessity for regulation of traffic on the public highways is directly affected by the density of popula- tion. It is a matter of common knowledge that the num- ber of motor vehicles on the highways steadily increases as the traveler approaches the outskirts of the four largest cities of the State, located within the counties to which the statute applies. With the increase of traffic, the danger and likelihood of accidents increase. The

statute does not alter or affect the measure of the liability of the wrongdoer, but is designed only to make more certain that the injured may secure compensation. The benefits of the statute do not accrue only to residents of the counties affected, but may be claimed by all persons who visit the centers of population and there suffer wrongful injury within the application of the statute. These and other reasonably conceivable considerations must be assumed to have impelled the Legislature to consider this regulation necessary, in the centers of population, for the protection of the public, and unnecessary elsewhere in the State. *Motlow* v. *State,* 125 Tenn., 547; *Memphis* v. *State ex rel. Ryals,* 133 Tenn., 83, 88-89.

The statute is a police regulation, and the decision of the Legislature as to what is a sufficient reason to justify a classification made in such a statute "will not be reviewed by the courts unless it is palpably arbitrary." *Darnell* v. *Shaphard,* 156 Tenn., 544, 553.

We are not able to hold that the classification made by the statute is arbitrary. We think it based upon reasonable differences in the effect of the regulated business on the safety of the traveling public, when conducted in the counties of dense population and when conducted in the smaller counties.

The constitutionality of this statute was sustained by a majority of this court in the case of *J. W. Cole et al.* v. *Thomas G. Hill, Clerk,* MS. opinion filed at Nashville August 1, 1925; and the conclusion therein reached is here reaffirmed.

The judgment of the circuit court in each of the four cases is accordingly affirmed, with costs.

## On Petition to Rehear.

Petition to rehear is filed on behalf of Maryland Casualty Company, seeking to review the judgments rendered against it in behalf of G. L. Harrison and Emma Harrison, under its second assignment of error, which is as follows:

"The Trial Court erred in rendering judgments against the Defendant Maryland Casualty Company aggregating $6000 in the cases of G. L. Harrison and Emma Harrison because both of said suits are predicated upon injuries sustained by one person, and because the policy of insurance issued by said defendant limits the liability of said defendant to $5000 for injuries sustained by one person, the aggregate of said verdicts being $1000 in excess of the liability of said defendant under the terms of its policy."

This was one of the assignments of error made by the Maryland Casualty Company in the Court of Appeals, to which court the appeal in error was granted by the circuit court. The Court of Appeals transferred the case to this court, because of the constitutional question involved, considered in the opinion heretofore filed. At the bar of this court argument was directed only at the constitutional question, and in the brief of the plaintiffs in error, filed in this court, counsel stated that argument was so limited on the assumption that "this court will not care to pass upon the other errors assigned." It is urged for the defendants in error that this was a waiver of the other assignments of error, but we do not think so. The assumption of the plaintiffs in error was incorrect. Jurisdiction of the appeal in error having become fixed in this court because of the constitutional question presented by the appeal, the jurisdiction of this court

extends to all questions properly made by assignments of error. Such has been the practice.

■ The assignments of error to which the petition to rehear is directed was overruled in the opinion heretofore filed by this court, because the bill of exceptions was not properly made a part of the record, and the court conceived that the assignment of error was dependent entirely upon the bill of exceptions. The petition to rehear, however, directs the attention of the court to the fact that the declarations of G. L. Harrison and Emma Harrison recite that the contract of insurance, which is the basis of the suit against the Casualty Company, contains the limitation relied upon in the assignment of error, and that the pleadings, therefore, show that a recovery was awarded in excess of the true liability of the Casualty Company.

The court is of the opinion that this contention of the Casualty Company is well made, and that the petition to rehear should be sustained, and the judgments heretofore entered modified accordingly.

The declaration of G. L. Harrison describes the insurance policy or bond executed by the Maryland Casualty Company as "payable in the principal sum of not to exceed $5000 for any one injury or damage to property;" and the declaration of Emma Harrison contains the same averment.

The declaration of G. L. Harrison affirmatively shows that it was predicated on a personal injury sustained by his wife, Emma Harrison, which injury formed the basis of the cause of action stated in the declaration filed by her. There was a joint trial in the circuit court, resulting in a verdict for Mrs. Harrison in the sum of $9000, and in favor of G. L. Harrison in the sum of

$1000. There was a joint motion for a new trial, of which the sixth ground was as follows:

"Because the policy of insurance which was introduced in evidence provides that the limit of liability of defendant Maryland Casualty Company on account of one person injured or killed shall not exceed $5000, and the jury returned verdicts against said defendant based upon injuries to plaintiff, Emma Harrison for $9000 in the Emma Harrison case and $1000 in the case of her husband, G. L. Harrison, the aggregate of said verdicts being $5000 in excess of the liability of said defendant under the terms of said policy."

The judgment rendered by the circuit court sustained this ground of the motion for a new trial, to the extent that the judgment in favor of Emma Harrison was limited to $5000 as against the Maryland Casualty Company, the judgment reciting that this was "the amount of its contract liability as sued upon."

We think the technical record shows that the causes of action prosecuted by G. L. Harrison and Emma Harrison were founded upon a single injury, sustained by Mrs. Harrison, with damage resulting to both, and that the aggregate amount of the recovery awarded both against the Casualty Company should be limited to the amount for which it bound itself by its contract of insurance. The limitation of liability to a fixed amount "for one injury" in an insurance contract of this kind imposes the limitation upon all claims for damage, by whomsoever made, arising out of personal injuries to a single person. *Ravenswood Hospital* v. *Maryland Casualty Co.*, 280 Ill.; 103, 111, affirming same case below as reported in 203 Ill. App., 343.

The two suits were instituted at the same time, were prosecuted together as joint actions, and judgments were entered at the same time. Neither action is entitled to priority over the other, and we think that both judgments should be reduced *pro rata* so that the aggregate will not exceed the amount of the contract liability of the Casualty Company.

Judgment will accordingly be entered reducing the judgment heretofore awarded in favor of Mrs. Emma Harrison as against the Maryland Casualty Company to $4166.67; and reducing the judgment awarded G. L. Harrison as against the Maryland Casualty Company to $833.33.