**BANKERS INDEMNITY INS. CO. v. BRYANT et al.**

No. 4100.

United States Court of Appeals Tenth Circuit.

Nov. 8, 1950.

Fred M. Mock, Oklahoma City, Okl. (Clayton B. Pierce, Oklahoma City, Okl., was with him on the brief), for appellant.

James Bounds, Hugo, Okl. (Hal Welch, Hugo, Okl., was with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Imogene Bryant, for herself, and as mother and next friend of her minor children, brought this action against J. T. Rainey, a resident of Tennessee and his insurance carrier, Bankers Indemnity Insurance Company, a New Jersey corporation, in the District Court of Choctaw County, Oklahoma, seeking damages for the wrongful death of her husband, J. T. Bryant, who was killed in Tennessee, while riding as passenger on a bus, owned and operated by the defendant Rainey. Rainey was not found for service of process, but Bankers Indemnity, who is licensed to do business in the State of Oklahoma, was served by service of summons upon the Insurance Commissioner for the State of Oklahoma. Upon petition of the insurance carrier, the case was removed to the United States District Court for the Eastern Dis-

trict of Oklahoma, based upon diversity of citizenship and requisite amount in controversy.

Before, and throughout trial, the defendant insurance carrier, sought by motion to have the action dismissed as to it, contending that under the law of Tennessee, where the contract of insurance was issued and where the accident occurred, liability did not attach until the plaintiff first obtained a judgment against its insured Rainey. The motions to dismiss were overruled, the case was submitted to the jury, which found negligence and assessed damages against Bankers Indemnity in the sum of $5,000— the limit of its liability policy. A "Motion for Judgment Notwithstanding the Verdict or for New Trial" was overruled and judgment was entered against Bankers Indemnity in the sum of $5,000.

The decisive question presented on appeal is whether under the liability contract of insurance, as construed by the law of Tennessee, the appellant has the right to proceed directly against the insurance carrier, Bankers Indemnity, without first obtaining a judgment against the insured Rainey?

By Section 8 of the Tennessee Motor Vehicle Regulatory Act and Amendment, Chapter No. 119, Public Acts 1933, Chapter No. 70, Public Acts 1941, the Tennessee Legislature authorized the Railroad and Public Utilities Commission to "adopt rules prescribing the manner and form in which motor carriers * * * shall apply for certificates of convenience and necessity * * *."

Section 9(a) of the Act pertinently provides that "No certificate of convenience and necessity, * * * shall be issued by the Railroad and Public Utilities Commission until and after such carrier shall have filed with said Commission, and the Commission shall have approved, a policy of liability insurance * * * in such amount and such forms and upon such conditions as the Commission may deem necessary to adequately protect the interests of the public in the use of the public highway * * * which liability or cargo insurance shall bind the obligors thereunder to make compensation for in-

jury to persons, and loss of or damage to property resulting from the negligent operation of such motor carrier or contract hauler."

Acting under this legislative authority, the Railroad and Public Utilities Commission promulgated "Rules and Regulation No. 4," Rule 1 of which pertinently provides that no certificate or permit shall be issued to a motor carrier "unless and until there shall have been filed with and approved by the Commission a policy of insurance * * * in not less than the amounts hereinafter prescribed, conditioned to pay, within the amount of such policy of insurance * * * any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others; * * *."

The Commission also prepared a form of endorsement for motor carrier policies. This endorsement is attached to the appellant's liability policy and provides:

"The policy to which this endorsement is attached * * * is hereby amended to assure compliance by the insured * * with Chapter 119, Public Act of 1933, and the pertinent rules and regulations of the Railroad and Public Utilities Commission of the State of Tennessee.

"In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay any final judgment recovered against the insured for bodily injury to or the death of any person * * * resulting from the negligent operation, maintenance, or use of motor vehicles under certificate of public convenience and necessity or permit issued to the insured * * *. It is understood and agreed that upon failure of the Company to pay any such final judgment recovered against the insured, the judgment creditor may maintain an action in any court of competent jurisdiction against the Company to compel such payment. * * *."

The regulation of the Commission and its approved endorsement leave no

room for doubt that a final judgment against the insured for the negligent operation of his motor vehicle is a prerequisite to the accrual of a cause of action and the maintenance of a suit against the insurance carrier under the liability policy. Appellant contends that the right to have its liability so enforced is a substantive one, which the Oklahoma court is required to recognize and honor in a suit brought on the policy in Oklahoma. Appellees do not deny the validity of this contention, when judged by the terms of the regulation and endorsement, but they earnestly contend that the condition of liability therein is invalid because in fatal conflict with the statutory requirement that the insurance carrier "make compensation for injuries to persons" resulting from the negligence of its insured. In other words, appellees' contention is that the regulation and endorsement in pursuance thereof, are at variance with the mandate of the statute, which necessarily measures the contractual relationship.

No Tennessee cases are cited, and we have found none, construing the 1933 Act, or the regulation and endorsement of the Commission. Appellant points to the earlier 1925 Private Acts, Chap. 729, which specifically provided for a joint action against the insured and his insurance carrier, see Chattanooga Dayton Bus Line v. Burney, 160 Tenn. 294, 23 S.W.2d 669. Western Automobile Casualty Co. v. Burnell, 17 Tenn.App. 687, 71 S.W.2d 474, and argues that if the Tennessee Legislature had intended to carry this requirement over into the 1933 Act it would have used appropriate language to that effect. Appellees call attention to the language in the Public Acts of 1929, Chap. 58, providing that all required liability policies "shall be conditioned to pay any judgment" rendered against the insured, see Johnson Transfer & Freight Lines, Inc., v. American National Fire Ins. Co., 168 Tenn. 514, 79 S.W.2d 587, 999 L.R. 277, and by the same process of reasoning, argues that if the Tennessee Legislature had intended to condition the carrier's liability upon a final judgment, it would have used the appropriate language used in the 1929 Act.

We do not think the prior legislation tends to prove or disprove the legislative disposition in the 1933 Act. It seems sufficient to say that the Tennessee Legislature intended to statutorily provide for liability policies binding the insurance carrier "to make compensation" for injuries or death resulting from the negligent operation of motor vehicles upon the State's public highways, and to delegate authority to the Commission to provide the procedural details for the effectuation of that policy.

The Commission's regulation and approved endorsement do not relieve Bankers Indemnity of its statutory duty "to make compensation" to appellees for the death of their husband and father, if his death resulted from Rainey's negligent operation of his bus upon the Tennessee highway. The fact that they postpone the attachment of liability until the rendition of a final judgment against the insured does not discharge or lessen its statutory duty "to make compensation"—it merely fixes the time when that liability shall accrue. The public is not deprived of any substantive right, expressed or implied, in the legislative mandate.

Moreover, since the adoption of the regulation and approved endorsement, the Legislature has met a number of times and has amended the 1933 Act in certain other respects, but it has not seen fit to change or alter the statutory provision now under consideration, as construed and applied by the Commission. We think this legislative course amounts to a ratification of the Commission's application of the Act, and it certainly is not the province of the Oklahoma court to say that what the Commission has done to effectuate the policy of the Tennessee Legislature is repugnant thereto or in conflict therewith. See City of Tulsa v. Southwestern Bell Telephone Company, 10 Cir., 75 F.2d 343; Whitebird v. Eagle-Picher Lead Company, 10 Cir., 40 F.2d 479; Alexander v. Carter Oil Co., 10 Cir., 53 F.2d 964.

We hold, therefore, that the cause of action asserted is not ripe or maintainable, and the judgment is accordingly reversed, with directions to dismiss.