## WILLIAM E. LITTLEFIELD *vs.* ROBERT C. HUNTRESS & another.

A judgment for the defendant in a suit on a promissory note against the maker, the answer to which set up that the note was originally void, and also that, if originally valid, it was subsequently discharged by agreement between the parties, is no evidence, in an action between the parties to the note or their privies, that the note was originally void, if it does not appear on which ground of defence the judgment went; and if evidence of what was the charge of the judge to the jury in the former suit is offered of itself to show on which ground the judgment went, its exclusion affords no ground of exception, if it does not appear that it limited them to one ground only.

It affords no ground of exception, if the judge, on a trial, refuses to give an instruction to the jury which assumes a controverted point to be a fact.

In an action against two defendants for goods sold and delivered, it appeared that the sale was begun in October, but transactions concerning it continued through several months, before it was concluded. The defendants requested the judge to rule that if a sale was made in October to one of the defendants, the action could not be maintained against both, but the judge refused so to rule, and ruled that the plaintiff must make out his case against both. *Held*, that the defendants had no ground of exception.

At a trial a party has no right to call on the judge to single out a particular part of the evidence for remark.

CONTRACT against Robert C. Huntress and Frank Huntress. The first count of the declaration was on the following account annexed : " Robert C. & Frank Huntress to William E. Littlefield, Dr. October 1865. To agreed share of stock, fixtures and good will and effects of W. W. Jones & Company, consisting of William W. Jones and William E. Littlefield, sold to you on

settlement and dissolution of said partnership, $1600." The second count alleged that the defendants owed the plaintiff $1600 "for goods, chattels, fixtures, good will and effects sold and delivered to the defendants by the plaintiff."

Trial in the superior court, before *Rockwell*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions of which the material parts were as follows :

"For some time prior to October 23, 1865, the plaintiff and Jones were partners. On that day a bill of sale was executed, from W. W. Jones & Company to Frank Huntress, of the partnership effects, amounting, with a bonus of $500, to $1827.34. Negotiable notes of that date were given by both defendants, payable to and indorsed by W. W. Jones & Company. The sale by Jones, so far as appeared, was *bonâ fide*. The sale by the plaintiff was made to protect the property from attachment by his creditors. The payment to Jones was made by one of the notes, and Robert C. Huntress took Jones's interest in the business.

"On February 12, 1866, the plaintiff and Frank Huntress signed an agreement of which the material parts were as follows : ' I, William E. Littlefield, on my part agree to sell all of my right, title and interest in the firm of Huntress & Company to Frank Huntress, for the sum of $320. And I agree to furnish for said Huntress $1000, without interest, for one year, commencing at date. And I, Frank Huntress, agree to pay William E. Littlefield the sum of $600 for one year's labor of said Littlefield and wife, and I agree to pay all necessary expenses of living, except clothing. And I, William E. Littlefield, agree to take one half of the stock in store, at the wholesale price, and pay $250 bonus on store, or to take the $1000 which he has had to use, at the end of one year ; ' and from the time the note for $1895, hereinafter mentioned, was given, the plaintiff ceased to have any interest in the partnership, and the defendants carried on the business as partners. The plaintiff testified that the $320 mentioned in the agreement were for his share of the profits from October to February.

"In February 1866, the notes given October 23, except the one Jones received, were cancelled, and a new note, signed by the

defendants, made for $1895, dated back to October 23, 1865, and payable six months from its date, to the order of the plainti'' was given for the plaintiff's interest in the stock, excepting $295 ; that is, $1600 of it was for the exact amount of the plaintiff's interest in the stock.   This note was indorsed by the plaintiff to George A. Hanaford, a suit was brought upon it for the benefit of this plaintiff, and a verdict and judgment rendered for the defendants at October term 1868 of the superior court.   The plaintiff introduced at the trial the record in that case," from which it appeared that the answer set up that the note in suit did not represent a real transaction, and that it was agreed that the note was not valid and not to be paid, and also set up that in an arrangement subsequent to the giving of the note it was agreed, for a valid consideration, that it should thereafter be considered a nullity and be released and discharged, and that the note by neglect or omission of the parties was not taken up or destroyed.,

" The defendants testified that the note of $1895 was merely substituted for the cancelled notes, the sum being reduced because some of the property for which the notes of October 23 were given had been used ; that the plaintiff's interest was sold to Frank Huntress, February 12, 1866, for $1320, of which $320 were soon after paid ; and that Robert C. Huntress did not purchase any part of the plaintiff's interest.   Both parties testified that they were witnesses at the trial of the suit brought by Hanaford, and testified substantially as they testified at this trial. The defendants requested Robert C. Huntress to state in his testimony to the jury the charge of the judge in the Hanaford suit, as to the law given by him to the jury.   The plaintiff objected, and the presiding judge excluded the proposed testimony, and ruled that the defendants could not be permitted to introduce testimony as to the judge's charge in the Hanaford suit.

" The defendants requested the judge to instruct the jury as follows :

" 1.  That the record, judgment and proceedings in the suit of Hanaford against these defendants, were conclusive. or if not conclusive, sufficient evidence that the bill of sale made in October 1865, and the notes made at that time, and particularly the note

of $1895, which was sued in said suit, were of no validity as respects the interest of the plaintiff in the property described in the bill of sale.

" 2. That if the jury should be satisfied that the papers exe. cuted in October 1865, and the note of $1895, were not intended by the parties, as to the plaintiff's interest in the property, to be operative, and that no delivery or possession of the plaintiff's property was taken under the same, as testified by both parties, this action cannot be maintained upon that alleged sale.

" 3. That if a sale was made in October 1865, of the plaintiff's interest in the partnership property of W. W. Jones & Company to one of these defendants, this action cannot be maintained against both defendants.

" 4. That the sale made on February 12, 1866, by the plaintiff to Frank Huntress, and the fact that the plaintiff continued to that time to treat the property as his own, said facts being testi- fied to by both parties, were evidence that the pretended sale in October was invalid and inoperative, and that no valid sale was made till February 12, 1866.

" As to the first request, the judge stated to the jury that he could not rule that it was conclusive evidence or sufficient evi- dence. As to the second request, he stated he could not so in- struct them. As to the third request, he instructed them that the plaintiff must make out his case, and that he must make it out against both of them. As to the fourth request, he stated to the jury that it was not for him to say what the evidence was ; but the evidence was for them. The judge also ruled that if the verdict in the Hanaford suit found that the note of $1895 was payment for the plaintiff's stock, the plaintiff could not recover."

*J. S. Abbott*, for the defendants.

*I. Knowles, Jr.*, for the plaintiff.

AMES, J. The facts of this case are somewhat complicated, and are not stated with much clearness in the bill of exceptions. The transaction of October 23, 1865, was in form a sale by the firm of W. W. Jones & Company to the defendant Frank Huntress. So far as Jones was concerned, and to the extent of his interest, it was a sale in fact as well as in form. But so far as the plaintiff, who

**was** the other partner in that firm, was concerned, it was a sale for the purpose of protecting his property from attachment by his creditors, and the bill of exceptions seems to import that he and Robert C. Huntress, after that sale, continued the business as partners under the firm of Huntress & Company until some time in the following February, the nominal title to the stock of goods being in Frank Huntress. A new arrangement was then made, though at what precise date is not stated, by which the defendants gave a note for the sum of $1895, payable to the plaintiff or his order, and dated back as of October 23, 1865, and the notes actually given on that day were cancelled, with the exception of one which the defendants had already paid to Jones. The case finds that, when this new and substituted note was given, the plaintiff ceased to have any interest in the business, and the defendants thenceforward carried on the business as partners. Whether any new arrangement was then made in regard to the goods, the transfer of which had formed the consideration of those notes, does not appear. The contract in writing between him and Frank Huntress, dated February 12, 1866, may have been a part of the transaction, although the sums named in it do not correspond with the amount of the note. It purports to be a sale by the plaintiff of all his interest in the firm of Huntress & Company to Frank Huntress. The plaintiff claimed that his share of the profits in the business of Huntress & Company, from October to February, amounted to $320. As already suggested, the case does not show that the title to the goods had ever been formally in the hands of Huntress & Company.

The plaintiff's claim in this action is for goods sold (including also the good will of the former firm) to both defendants for $1600, on October 23, 1865, upon the dissolution of that firm; but in the second count it is stated more generally as a sale of goods, with good will, etc., to the same amount, but without date. And it appeared that a suit had been brought upon the above described note, in the name of George A. Hanaford but for the benefit of this plaintiff, against the defendants, and that they had defended against it successfully judgment having been rendered in their favor.

At the trial of this action, the defendants requested the judge to rule that the judgment in the former suit was conclusive, or at least sufficient, evidence that the bill of sale made in October 1865, and the notes made at that time, and particularly the note then in suit, were of no validity, as respects the interest of the plaintiff in the property described in that bill. The judge refused so to rule, and as we think was right in so doing. There was sufficient privity of interest between Hanaford and this plaintiff to make that judgment effective against the latter; but the defence was based upon two grounds, and the record does not show upon which of the two it was maintained. The defendants in that case insisted that the note in question never represented a real transaction, and that all parties understood that it was not valid and not to be paid, but they also insisted that, even if it were valid in its inception, yet in a subsequent arrangement it was agreed for a valid consideration that it should thereafter be considered a nullity and be released and discharged, and that said note, by neglect or omission of the parties, was not taken up or destroyed. The judgment does not settle the question which of the two was the issue upon which the defendants prevailed. The jury may have been satisfied that the original note was valid, but that it had been cancelled, or taken into consideration and disposed of in some more recent arrangement, to wit, in connection with the written agreement of February 12. *McDowell* v. *Langdon*, 3 Gray, 513. *Dutton* v. *Woodman*, 9 Cush. 255. *Sawyer* v. *Woodbury*, 7 Gray, 499. *Burlen* v. *Shannon*, 99 Mass. 200.

The second ruling requested by the defendants assumes as a fact that both parties had testified that the papers executed in October, and the note for $1895, were not intended by the parties, as to the plaintiff's interest in the property, to be operative, and that no delivery or possession of his property was taken under the same; but it does not appear by the bill of exceptions that both parties had so testified. It is true that the plaintiff assumes, and insisted at the trial, and in the argument upon the exceptions, that the transaction was not consummated and finished until February, but it may have been inchoate in October. The plaintiff had made a nominal sale in October, and the February

Littlefield *v*. Huntress.

transaction may have been a mere modification of that agreement, substituting Frank Huntress in his place as a partner in the firm of Huntress & Company, and relating back to the first date. But however that may be, the proposed instruction required the judge to assert as a fact a matter which appears by the report of the case to have been a controverted point, and it was therefore rightfully refused.

In refusing to give the third instruction prayed for, in the terms proposed by the defendants, we do not understand that the judge led the jury to suppose that proof of a sale to one only of the defendants would justify a verdict against both. On the contrary, we think that the substance of the instruction actually given was that the plaintiff must prove that he sold his interest in the property to the two defendants jointly. It was not necessary to prove that the sale was made in October. It might have been begun in October, modified afterwards, and not finally completed till a later date.

As to the fourth instruction, there can be no doubt that such evidence as that insisted upon by the defendants would have a tendency to maintain their view of the case. We do not understand the judge to have ruled otherwise. It is not the right of a party to require the court to single out some particular portion of the evidence for special comment and remark. And here also we find nothing in the bill of exceptions that shows that both parties testified to the truth of the assumed facts; or that the prayer for instructions is founded upon admitted facts. We see no cause for setting aside the verdict on either of the grounds urged by the defendants.

The charge of the judge to the jury in the Hanaford suit, upon the law applicable to that case, was not competent as evidence in this suit. If it were a legal presumption that the verdict was in accordance with the charge, still, without proof of what transpired at the trial and what evidence was introduced, the charge would not of itself show upon which ground of defence the verdict was rendered. It is not suggested, and we cannot presume in favor of the excepting party, that the charge limited the jury to the sole question of the original invalidity of the transactions.

*Exceptions overruled.*