## REIGLER *v.* SHERLOCK.

### Opinion delivered February 25, 1899.

EMPLOYER'S LIABILITY INSURANCE—EVIDENCE.—In an action on a policy indemnifying an employer against liability for injuries to his employees, it was proved that an employee sued for two injuries received at different times, asking for $5,000 damages in each of two paragraphs of the complaint, and recovered a judgment for $5,000 on a verdict in his favor not specifying for which injury the damages were awarded. The policy of indemnity covered the second injury, but not the first. *Held*, that the judgment was insufficient to show that it was rendered on the injury covered by the policy of indemnity. (Page 218.)

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Whipple & Whipple, Chas. E. Warner, F. T. Vaughan* and *T. J. Oliphint,* for appellants.

Appellees had ample notice of the original suit, if they were entitled to it. 4 Wall. 657; 7 Cranch, 322; 6 Johns, 159; 1 Sm. Lead. Cas. 139; 2 Gr. Ev. 116; 1 Johns. 317; Black. Judg. § 657; Wells, Res. Adj. etc. §§ 183, 184, 185; 4 Hill, 119; 34 N. Y. 280. The verdict was a general one, for the identical amount asked in each of the two counts of the complaint and appellant can use it upon either of the counts. 118 Ind. 5; 36 Ill. App. 123; Hempstead (Cir. Ct. Rep.), 104; 6 Ark. 178; 89 Pa. St. 363; 57 Ia. 672. The presumption is

that both counts were passed upon. 17 Ore. 381; 102 Ill. 596; 105 Ill. 336; 3 Fed. 199; 60 Ia. 289; 34 La. Ann. 805; 81 Me. 197; 89 Pa. St. 363; 1 Black, Judg. § 101; 23 Conn. 585; 113 Ind. 127; 2 Black, Judg. § 611; 32 S. W. 353; 53 Ark. 414; 51 Ark. 126; 51 Ark. 130; 1 Thomps. Tr. § 113; 26 Kas. 320; 49 Ala. 134. He who would avoid the effect of a general verdict must see to it that the jury specify upon which issue it is returned. 33 Vt. 180; 25 Ind. 43; 5 Bosw. 456; Wells, Res. Adj. 191; 2 Allen, 234; 1 Ch. Pl. (6 Am. Ed.) 445. A party for whose benefit a promise is made to another may maintain an action on it. 31 Ark. 155; *ib.* 411.

*Read & McDonough* and *Thos. E. Ward,* for appellee.

Failing to sue within the time limited by the contract, appellant is barred. Having once instituted and dismissed suit does not affect the running of the period. 7 R. I. 301; 78 N. Y. 462; 7 Wall. 386; 3 McCrary, 543; 27 Vt. 99. The judgment against the lumber company, in the absence of anything to show upon which count of the complaint it was based, does not estop appellees. Herman, Estop. §§ 252, 258; 94 U. S. 606; 24 How. 333; 43 N. E. 728; 23 N. E. 1024; 72 N. W. 1055; 16 N. E. 55; 20 N. W. 840; 102 Mass. 239, 245; 88 Ind. 149; 45 Am. Rep. 454, 460, 461; 46 N. E. 431. The burden of establishing an estoppel is upon him who invokes it. Freeman, Judg. § 176; 29 Atl. 970. As to what amount of participation in the suit is required to make a judgment binding as an estoppel on one not a party, see, 2 Bl. Judg. § 546; 23 Atl. 30; 33 Am. St. Rep. 893; 33 Fed. 437; 26 Minn. 87; 76 Fed. 166.

BATTLE, J. An action was regularly instituted by W. D. Adams and others in the circuit court for the Fort Smith district of Sebastian county, against The Luce Monroe Savings & Investment Company (hereinafter designated as the "Luce-Monroe Company"). S. H. Sherlock was appointed receiver in that action to take charge of the assets of the defendant, and all persons having claims against it were required to present them to the court. Andrew Reigler, as administrator of the estate of W. A. Powell, deceased, presented a claim by complaint in which he alleged, substantially, as follows: On the 27th of May, 1892,

the Luce-Monroe Company, at the instance of the American Casualty Insurance & Security Company, of Baltimore City, a corporation duly organized under the laws of the State of Maryland, executed a bond in the sum of $20,000 to the State of Arkansas, conditioned that the said insurance and security company would promptly pay all claims arising and accruing to any person or persons during the year immediately following after the date of the bond by virtue of any policy issued by it "upon the life or person of any citizen of this state." On the 22d of November, 1892, the American Casualty Insurance & Security Company of Baltimore City (hereafter designated as the "Insurance & Security Company") executed and delivered to the Southern Stave & Lumber Company (hereinafter designated as the "Lumber Company") its policy of insurance in the sum of $40,000, whereby it insured and indemnified the Lumber Company "against all liability for damages on account of the personal injury or death of the employees of the assured resulting from any and every accident" happening to them while in the employment of the assured. W. A. Powell and others, for whose benefit the policy was executed, paid the premiums which were the consideration of the insurance. In the month of January, 1893, Powell was injured through the negligence of the Lumber Company, while he was in its employment, and a citizen of this state. On the 27th of March, 1895, he commenced an action against the Lumber Company, in the Pulaski circuit court, to recover the damages arising from the injury, and, on the 18th of June, 1895, recovered a judgment against it for the sum of $5,000 for such damages. On the 10th day of September, 1896, Powell departed this life, intestate, and Andrew Reigler was duly appointed his administrator. He asked that the judgment so recovered against the Lumber Company be allowed as a claim against Sherlock, as receiver in the action instituted by W. D. Adams and others.

Sherlock, as receiver, answered, and set up many defenses, in bar of the claim presented by Reigler, as administrator, unnecessary to consider, and denied that Powell ever recovered a judgment against the Lumber Company on account of any injury received by him while the policy of insurance issued by the Insurance & Security Company was in force and effect.

At the hearing of this cause the following facts, among

others, were proved: On the 27th of May, 1892, the Luce-Monroe Company and others executed a bond to the State of Arkansas in the sum of $20,000, conditioned as before stated, and on the 22d of November, 1892, the Insurance & Security Company issued the policy as alleged. W. A. Powell, while in the service of the Lumber Company, and a citizen of this state, received two personal injuries. He brought an action against the Lumber Company, in the Pulaski circuit court, to recover damages. His complaint contained two paragraphs. In the first paragraph he asks for a judgment for $5,000 for damages suffered from the first of these injuries, which was caused by an accident which occurred prior to the 22d day of November, 1892, and before the policy executed by the Insurance & Security Company was issued. In the second para- graph of his complaint he asked for an additional $5,000 for the second injury, which he received from an accident which occurred on the 20th day of January, 1893. In the trial of that action the jury returned a verdict in his favor for $5,000, but did not designate the injury for which the damages, or any part thereof, were awarded; and the court rendered judgment in his favor against the Lumber Company accordingly. Since then Powell died, and Riegler was appointed his administrator; and he presented the judgment as a claim against the assets of the Luce-Monroe Company in the hands of Sherlock as receiver, and the court refused to allow it.

Reigler, as administrator, seeks to hold the Luce-Munroe Company liable by virtue of the bond executed to the State of Arkansas, and conditioned that the Insurance & Security Company would promptly pay all claims arising and accruing to any person or persons during the life of the bond by virtue of any policy issued by the last mentioned company upon the life or person of any citizen of the State of Arkansas. He produced no other evidence of its liability to him. It is therefore manifest that the Luce-Munroe Company is not liable on the bond on account of any injury received by Powell before the execution of the policy by the Insurance & Security Company to the Lumber Company, or at any time after its expiration. In order for Reigler, as administrator, to prove that the judgment recovered by his intestate was entitled to be allowed as a

claim against the assets of the Luce-Munroe Company, he must show that it was rendered for damages suffered by reason of an injury or injuries received from accidents which occurred during the life of the policy.    The only evidence adduced to show this fact was the judgment and the complaint in the action in which it was rendered; and the complaint shows that Powell sued for damages occasioned by two injuries received, respectively, prior to the 22d day of November, 1892, and on the 20th of January, 1893.    He asked for judgment for $5,000 for each injury.    The latter only was covered by the policy.    There is no evidence that the judgment was rendered for damages suffered from it.    Hence the claim of Reigler, as administrator, against the Luce-Munroe Company is not sustained.

Decree affirmed.