YANCEY v. UTILITIES INS. CO.—137 S. W. (2d) 318.

Western Section.   April 4, 1939.

Petition for Certiorari denied by Supreme Court, December 16, 1939.

Ross & Ross, of Savannah, for complainant.

Waldrop & Hall, of Jackson, and McDonald, McDonald & Brown and John A. Osoinach, all of Memphis, for defendant.

SENTER, J.   This is a suit by complainant, H. W. Yancey, against the defendant, Utilities Insurance Company, on an automobile liability insurance policy issued on the automobile of complainant. The coverage of the policy in so far as this suit is concerned insures the complainant owner against loss from liability imposed by law for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons, with a maximum liability of $5,000 for any one person and a maximum liability of $10,000 for an accident resulting in the killing or injuring of more than one person, but subject to the $5,000 limitation for each person.

On December 19, 1936, while the policy was in force, complainant's automobile was involved in a collision with a truck, and in said accident William A. Bowden and his wife, Sybil N. Bowden, were injured.   Thereafter, the said William A. Bowden and his wife, Sybil N. Bowden, each sued the complainant, H. W. Yancey, in the United States District Court for the Eastern Division of the Western District of Tennessee at Jackson, for personal injuries alleged to have been sustained as the result of said collision.   Sybil N. Bowden sued for her own personal injuries in the amount of $50,000, and the said William A. Bowden sued for the sum of $15,000 in the first count of his declaration, and in the second count for the further sum of $10,000 damages for expenses, including medical, doctor's and hospital expenses paid by him for his wife, and for the loss of companionship, society and the right of consortium of his said wife.

These suits were tried in the United States District Court at Jackson, Tennessee, resulting in a judgment in favor of Sybil N. Bowden for the sum of $7,500, and a judgment in favor of William A. Bowden for the sum of $2,500.   The verdict and judgment in favor of William A. Bowden was a general verdict, and did not designated any particular count of the declaration, whether it was on both counts or only one count.

It appears that the suits were tried together in the United States District Court.   It also appears that the Utilities Insurance Company, through counsel employed by it as required under the provisions of the policy, and also by request of Yancey, the attorneys selected by the Utilities Insurance Company were assisted by counsel employed by Yancey.

After the judgments above referred to had become final, the defendant, Utilities Insurance Company, paid into the Federal Court at Jackson the sum of $5,000 and the costs in the case of Mrs. Sybil N.

Bowden against H. W. Yancey, in full settlement of its liability under the claim that that was the limit of its liability in the suit of Mrs. Sybil N. Bowden, and also paid into the Federal Court the costs in the case of William A. Bowden, but declined to pay the $2,500 judgment obtained against Yancey by William A. Bowden. An execution was issued and H. W. Yancey paid the said judgment recovered by William A. Bowden in the sum of $2,500, and the costs, and then brought this suit in the Chancery Court of Hardin County, seeking to recover the amount of said payment.

The bill charges the issuance of the policy; the two respective suits in the Federal Court by Mr. and Mrs. Bowden; the amounts of the judgments obtained against complainant in said two suits; the payment by the defendant insurer of $5,000, with interest, on the judgment obtained by Mrs. Sybil N. Bowden; and the costs of the cause in that suit. It further alleges that upon the issuance of an execution complainant paid the $2,500 judgment, interest and costs in the suit of William A. Bowden, amounting to the sum of $2,583.94.

The bill further alleges that the defendant insurer had failed and refused to pay any part of said judgment in the William A. Bowden case; that it was liable under the provisions of the policy contract to complainant for the amount of said judgment, interest and the costs in the William A. Bowden case. The bill alleges that William A. Bowden, who recovered the judgment for $2,500, was injured in said accident, and that the suit in the United States District Court was defended by the defendant by its own lawyers, and without any notice whatever to complainant that it would not be liable for such judgment as might be recovered in that suit, or that it would at any time insist on its non-liability.

It is further alleged that the defendant did make defense to said suit brought by William A. Bowden; that the defendant took and had sole charge of the litigation and had lawyers of its own selection employed to, and who did defend the suit at the time of the recovery of the judgment, but thereafter the defendant wholly failed to protect the rights and interests of complainant as it had contracted and obligated itself to do. It is further alleged that the attorneys representing the insurer prayed and were granted an appeal from the $2,500 judgment in the William A. Bowden suit, in the name of complainant, but refused to perfect said appeal unless Yancey would put up certain collaterals to secure the insurer on the appeal bond, all of which was contrary to the provisions of the contract of insurance; that complainant, as the defendant in said suit, declined to put up the collaterals as demanded by the Utilities Insurance Company, and hence no appeal was perfected from the judgment of the District Court. The bill further charges that complainant advised the defendant that he would sign the appeal and supersedeas bonds but that it was the duty of the defendant, according to the provisions of the

policy contract, to execute the bonds, or furnish security therefor, and that it was not the duty of complainant to do so.

Other allegations were made in the bill that we deem immaterial or unimportant to refer to at this time.

By its answer the defendant, Utilities Insurance Company, admits the issuance of the policy and relied upon certain provisions and conditions set forth in the contract of insurance sued on. By its answer it also admits the automobile accident occurring while the policy was in force. It admits the institution of the two suits in the United States District Court, one by William A. Bowden and the other by Sybil N. Bowden, against the insured, H. W. Yancey. The answer states that Sybil N. Bowden sued for her own personal injuries in the sum of $50,000, and that William A. Bowden sued for personal injuries sustained by him in said collision for the sum of $15,000, and also sued for medical, doctor's and hospital expenses, and for the loss of services and loss of companionship, society and the right of consortium, past and future, in the sum of $10,000. Copies of the declarations in the respective suits are made exhibits to the answer.

The answer further states that complainant not only had the services of the attorneys supplied by the defendant to defend said suits, but also employed attorneys of his own selection who participated in the trial of said suits in the United States District Court. The answer sets up the special request tendered by the defendant in the case of William A. Bowden to have the court charge the jury that if they found against the defendant, Yancey, that the declaration being in two counts, one for the personal injuries sustained by William A. Bowden himself, and the second to recover for medical services, hospital expenses, loss of companionship and consortium, that the amount referable to the respective counts be shown, that is, what amount of the verdict, if any, was awarded for his own personal injuries, and what amount of the verdict, if any, was awarded on the second count of the declaration for loss of services, medical, hospital and other expenses paid by him on account of the injuries sustained by his wife; that this special request was tendered by the attorneys representing the defendant, Yancey, employed by the insurer, and that said special request was refused by the trial judge.

After setting forth certain provisions of the policy, the defendant denied any liability to complainant, because the $5,000 was the limit of the coverage to the wife, not only for the personal injuries sustained by her, but for all consequential damages; that having paid said $5,000, it had fully complied with its contractual liability for all consequential damages incident to her injuries, including hospital bills, doctor's bills, and other expenses for which William A. Bowden had sued in the second count of his declaration.

The answer denied liability to complainant on account of the judgment against him in the William A. Bowden suit, for the further rea-

son that the jury verdict, as rendered, and the judgment thereon, does not separate or indicate what part of the recovery, if any, was for the personal injuries sustained by William A. Bowden, and sued for in the first count, and what part of the verdict, if any, applied to the second count.

At the hearing of the cause the chancellor sustained the bill of complainant and decreed a judgment in favor of complainant and against the defendant for the sum of $2,723.90, being the amount of the judgment obtained by William A. Bowden against the complainant, Yancey, including the interest thereon, together with all costs of the suit.

From the decree of the chancellor an appeal was prayed, granted and perfected to this court. While there are several assignments of error, we think there are but two determinative questions to be considered on this appeal. The first question involves the proper construction of certain provisions and conditions of the policy. The second is with respect to the general verdict of the jury, as to what part of the verdict, if any, is referable to the first count of the declaration of William A. Bowden, and what part, if any, is referable to the second count of the declaration, and as to whether or not under the form of the verdict and judgment in the case of William A. Bowden, the defendant can be held liable for any part of that judgment except the costs, which costs have already been paid into the Federal Court by the defendant.

The policy contained, under Item 4, the following statement:

"The Company's limit of liability under Paragraph I, for one person killed or injured shall be Five Thousand Dollars ($5,000.00) and the Company's total limit of liability on account of any one accident killing or injuring more than one person, subject to the foregoing limit for each person shall be Ten Thousand Dollars ($10,000.00).

Under Item I the policy provides as follows:

"Injuries to Persons. Against loss from liability imposed by law for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons, subject to the limits expressed in Item 4 of the Declarations, which limits shall apply to each automobile covered hereby. 'Bodily Injuries' shall be construed to include consequential damages consisting of expenses incurred by and loss of services sustained by any person as the result of bodily injuries to another, but all such consequential damage is included in the Company's limit of liability for bodily injuries for one person."

It will thus be seen that the limit of liability of the insurer under the provisions of the policy above quoted, is $5,000, including consequential damages consisting of expenses incurred by and loss of services sustained by any person as the result of bodily injuries to

another, but all such consequential damage is included in the Company's limit of liability for bodily injuries for one person.

In the suit of Mrs. Sybil N. Bowden, she recovered the sum of $7,500. The insurer was only liable to the defendant in that suit for the limit of the policy coverage, being $5,000. This included the consequential damages as defined in the provisions of the policy above referred to. We think that the $5,000 was the limit of liability, under the provisions of the policy, for the injuries and consequential damages resulting therefrom to Mrs. Sybil N. Bowden, which amount has been paid in the Registry of the Federal Court, together with interest and the costs, by the defendant.

Appellee does not seek to recover in this suit for the excess in the Sybil N. Bowden case, the judgment in that case being for $7,500. It is conceded by appellee that the limit of liability under the provisions of the policy was $5,000, including consequential damages resulting from her injuries.

The appeal of appellant is from the decree of the chancellor in favor of complainant on the judgment in the William A. Bowden case. The contention is made under the assignments of error that in settling the judgment, interest and costs in the Sybil N. Bowden case, that it settled its liability for all consequential damages resulting from her injuries under the coverage of the policy contract sued on; that the damages sued for by William A. Bowden under the second count of the declaration consisted of consequential damages to his wife. It is not contended that William A. Bowden did not have a cause of action against the defendant for doctor's bill, hospital and other expenses, including loss of service, companionship, consortium, etc., resulting from the injuries sustained by his wife, but it is contended that they were elements of damage included in the coverage of the insurer's liability on account of the personal injuries sustained by Mrs. Sybil N. Bowden, but not exceeding $5,000 in all.

This, we think, is one of the determinative questions presented on this appeal. It being the further contention of appellant that because of the form of the verdict in the William A. Bowden case, that it does not appear what amount of the verdict is referable to the first count, which was the suit for the personal injuries sustained by William A. Bowden in the accident, and what part of the verdict was awarded under the second count of the declaration, the verdict being a general verdict covering both the personal injuries sustained by William A. Bowden as well as the consequential damages resulting from the injuries sustained by his wife, consisting of loss of services, medical and hospital expenses, loss of companionship, etc., all included in the coverage of not exceeding $5,000, and complaint having failed to show the amount of damages for the personal injuries sustained by William A. Bowden, that it is left entirely to conjecture and speculation.

Appellant has cited numerous authorities in support of its contention. General Accident, Fire & Life Assurance Corp. v. Clark, 9 Cir., 34 F. (2d), 833; Clark v. Globe Indemnity Co., 266 N. Y., 478, 195 N. E., 162; Reigler v. Sherlock, 66 Ark., 215, 49 S. W., 1080; Littlefield v. Huntress, 106 Mass., 121; Lewis v. Ocean Nav. Co., 125 N. Y., 341, 26 N. E., 301; Matson v. Poncin, 152 Iowa, 569, 132 N. W., 970, 38 L. R. A. (N. S.), 1020; 31 C. J., p. 461, Sec. 61; Chattanooga Dayton Bus Line v. Burney, 160 Tenn., 294, 23 S. W. (2d), 669; Russell v. Place, 94 U. S., 606, 24 L. Ed., 214; DeSollar v. Hanscome, 158 U. S., 216, 15 S. Ct., 816, 39 L. Ed., 956.

Appellant makes the further contention that proof of a general judgment by the complainant which has been rendered against himself and which is rendered pursuant to a declaration in two counts, for one of which the insurance company would be liable to complainant and for the other it would not, does not meet the burden of proof which rests upon the complainant. General Accident, Fire & Life Assurance Corp. v. Clark, supra; Clark v. Globe Indemnity Co., supra; Reigler v. Sherlock, supra; Littlefield v. Huntress, supra; Lewis v. Ocean Nav. Co., supra; Matson v. Poncin, supra; Chattanooga Dayton Bus Line v. Burney, supra; Russell v. Place, supra; DeSollar v. Hanscome, supra; 31 C. J., p. 461, Sec. 61.

Appellant cites and relies upon the same list of authorities in support of the further contention that where an insured, under an automobile liability policy, proves a judgment against himself, which judgment is general and includes or may include, or be entirely for, damages other than those for which the insured is entitled to recover under the policy, the burden of proof rests upon the complainant (the insured) to prove what part of such general judgment, if any, he is entitled to recover from the defendant insurance company.

These authorities bearing on this subject will be later referred to and discussed in so far as they are material to the question here presented.

Appellant also assigns as error the action of the court in holding that the testimony of William A. Bowden, as contained in the bill of exceptions setting forth the evidence in the trial in the Federal Court of the cases of Mrs. Sybil N. Bowden and William A. Bowden against H. W. Yancey, and particularly that portion of his testimony with respect to the amount he paid for medical, doctor's and hospital expenses for his wife, was not admissible. Under this assignment it is contended that any part of the record in the cases of William A. Bowden and Sybil N. Bowden against H. W. Yancey in the Federal Court is admissible in this suit. It is insisted that the rule is that, for the purpose of ascertaining the subject matter of a controversy and fixing the scope of the thing adjudged in a prior suit, the entire record, including the testimony offered in the suit, may be examined. Washington Gaslight Co. v. District of Columbia, 161 U. S., 316, 16

S. Ct., 564, 40 L. Ed., 712; Russell v. Place, supra; Cromwell v. Sac County, 94 U. S., 351, 24 L. Ed., 195; Lewis v. Ocean Nav. Co., supra; Littleton v. Richardson, 34 N. H., 179, 66 Am. Dec., 759; Freeman on Judgments, Sec. 273.

Under other assignments of error appellant contends that the burden of proof as to the amount of damages recoverable against the insurer by complainant in the case of William A. Bowden is upon the complainant, and that complainant has failed to show by any evidence the portion of the $2,500 recovery in the William A. Bowden case which was for personal injuries sustained by him, separate and independent of any amount that may have been allowed by the jury under the second count of the declaration, being consequential damages growing out of the injuries sustained by Mrs. Sybil N. Bowden.

These assignments of error will be considered in connection with the assignments of error heretofore referred to.

In the case of General Accident, Fire & Assurance Corp. v. Clark, supra [34 F. (2d), 836], in the course of the opinion the court stated:

"As to punitive damages no effort was made in the trial court to apportion such amount between the husband and the wife, nor was such effort made in the suit against George Ross. The burden was upon the plaintiff to establish a right of recovery against the defendant [insurance company], and as to the punitive damages they have wholly failed to do so, because under the evidence the whole thereof may have been awarded by the jury, in the suit against George Ross, because of the wife's injuries.

"The most feasible division would be to apportion the amount in proportion to the compensatory damages; that is, five-sixths to the wife and one-sixth to the husband. But we do not feel justified in taking this view, in the absence of some proof, nor do we see what evidence could be adduced now to clarify this situation, because the award of punitive damage is entirely within the discretion of the jury. That judgment, or discretion, was in the form of a joint judgment . . ."

That was a case in which an automobile liability insurance policy was under consideration. The husband and wife sued jointly. The case was from the State of Arizona where joint judgments were permissible to husband and wife under the Arizona Community Property Law. In that case the Supreme Court of Arizona, Ross v. Clark, 35 Ariz., 60, 274 P., 639, modified the rule of the lower court and awarded the wife $6,000 compensatory damages and the husband $1,000 compensatory damages, and $3,000 for punitive damages jointly, without attempting to determine how much was awarded the husband and how much was awarded to the wife. The insurance policy involved in that case had a liability limit of $5,000 for each person.

While the question there involved, and the facts of that case were

different from the question and facts here presented, yet it did involve the same principle and rule, at least to the effect that it could not be determined from the jury verdict, and the judgment of the lower court, how the punitive recovery in that case could be apportioned between the two plaintiffs who had sued jointly under the Arizona practice. In the present case these were separate suits brought by the husband and wife where they both sustained personal injuries in the automobile accident and for which they both sued.

We think the conclusion is inescapable that the full measure of liability for the injuries and all consequential damages resulting therefrom to the wife, Mrs. Sybil N. Bowden, was within the $5,000 limitation of coverage as to her, and the payment by the defendant insurer of the $5,000 and the interest and costs, fully satisfied its liability under the provisions of the policy contract as to the judgment in her case. If, for instance, the husband had only sued to recover for his own personal injuries and the claim against the insurer on account of the judgment in favor of his wife had been fully satisfied up to the limit of liability of the insurer, no separate recovery could have been had for consequential damages growing out of the injuries sustained by her.

So far as the record in this case shows, the entire $2,500 recovered by the husband may have been intended, or at least a substantial portion thereof, as compensatory damages to him under the second count of his declaration, which, as we have seen, was included in the liability of the insurer for the injuries and consequential damages sustained by the wife.

However, appellee relies upon the doctrine of waiver or estoppel. This contention rests upon the theory that the insurer undertook to take charge of, investigate and did actually defend both the suits brought by Bowden and wife respectively against the insured, and that it did not give any notice to the insured that it would deny liability for any part of any recovery in favor of either plaintiff within the policy coverage, limiting a recovery to either in the sum of $5,000, and authorities are cited by appellee to support this contention. Oehme v. Johnson, 181 Minn., 138, 231 N. W., 817, 81 A. L. R., 1308.

In that case it appeared that Johnson was the owner of an automobile insured by the Central West Casualty Co. against liability for damages resulting from an automobile accident. A collision occurred between plaintiff's automobile and the defendant's automobile, and both plaintiff and his wife were injured and the automobile damaged. The insurer settled with plaintiff's wife for $5,000, that being the limit of liability under the terms of the policy as to any one person injured as a result of the automobile accident. A suit was brought by plaintiff alleging four items of damage. The Insurance Company assumed the defense and there was a verdict in favor of the plaintiffs for the sum of $3,979.70. The jury in that case itemized the four items of damage as follows:

"(1) Damages for injuries to the person of the plaintiff and loss of wages .............................. $ 350.00.
"(2) Damages to the plaintiff's car .................. $ 282.50.
"(3) Damages to the plaintiff on account of doctor's and hospital bills for his wife ................. $ 847.20.
"(4) Damages to the plaintiff for loss of companionship of wife .................................... $2500.00."

The insurance company admitted its liability for so much of the judgment as was represented by the first and second items above, amounting to $632.50, but it disclaimed liability for hospital and medical expenses and loss of companionship, as found in the third and fourth items, in the sum of $3,347.20, upon the ground that these items were not within the coverage of the policy. The trial court in that case found that when the accident occurred, the insured gave notice and full information to the insurer as required by the policy with respect to the accident, and that when the summons and complaint were served, she delivered the same to the Company, as required by the provisions of the policy. Whereupon, the insurer assumed control of the defense of the suits. It did not deny its liability for any of the claims which might be established, said nothing to Mrs. Johnson to the effect that it was not liable for all of the items of damages, did not question its liability until after the verdict went against her and her liability was fixed by the judgment.

The trial court held that the insurer by what it did and failed to do, by its conduct and its actions, disabled itself from disclaiming liability for the items it then contested, and from that holding the appeal was taken. It was held that there was no question of plaintiff's right to recover of the insurer if there was liability; that is, that the procedure was proper. The court further held that, assuming that the Company was not liable for items three and four (doctor's and hospital bills of the wife and damages for loss of companionship), if they were properly opposed, and the court stated that it should not be understood that it was holding that the defendant was not liable on the face of the policy for all the items claimed. The court then stated:

"The facts which we have stated bring the case within the princip[le] of the cases holding an insurance company liable where, with knowledge of an exception to the risk, it assumes the defense of the suit against the insured. The liability is variously referred to the ground of waiver, or estoppel, or waiver in the nature of estoppel, or a contemporaneous construction of the contract, or an election by the insurer, or an estoppel by election—all of which terms are at times used. Courts have approached the question from different angles, have used different phraseology, and have criticized that of others, but have reached the same result whatever they named their route; and, although we appreciate the advantage of correct distinctions,

especially in waiver and estoppel, as noted in Vance on Insurance (2 Ed.), p. 457, et seq., the thing itself which fixes the serious rights of the parties is more important than its name."

The court then refers to and cites with approval the Minnesota case of Tozer v. Ocean Accident, etc., Co., 94 Minn., 478, 103 N. W., 509, which was a suit on an employer's liability policy, wherein the boy injured in that case was under age, and, therefore, illegally employed. By the terms of the policy the insurer was not liable to respond for his injuries. Nevertheless, the insurer assumed the defense and there was a verdict in favor of the boy. Upon the insurer disputing its liability, the court said:

"While it may be that the acts of appellant were not such as to constitute a waiver, strictly speaking, yet there was at least an election of positions; and, having pursued a course of action consistent with its liability, such conduct ripened into an equitable estoppel."

In the case of Oehme v. Johnson, supra, cases are cited in support of the holding that when the insurer, with knowledge that the insured is not protected, yet assumes the defense without reservation or notice to the insured, and there is a recovery, the insurer is liable upon whatever ground its act may be based, whether waiver, estoppel or waiver in the nature of estoppel, or an election, or an estoppel by election. The rule is then stated by the court as follows:

"When the insurer undertakes the control of the defense of an action brought by the injured person against the insured, with full information of the character of the action, and without any reservation or notice to the insured that it did not intend to waive such objection, it will be deemed to have waived the objection that the liability was not within the terms of the insurance policy."

In the instant case it appears that after the pleadings in the two respective suits were filed against the insured, and copies of the pleadings had been furnished to the insurer, and it appearing therefrom that the insured had been sued for sums largely in excess of the limit of liability of $10,000, or $5,000 for any one person injured as a result of the accident, that it then suggested to the insured that for these reasons it would probably be expedient for the insured to procure counsel other than the attorneys procured by the insurer to defend the suits. Whereupon, the insured employed the law firm of Ross & Ross of Savannah, Tennessee, as his personal counsel in the case, and who assisted and fully participated in the trial of the cases in the United States District Court at Jackson.

The defendant insurance company also wrote Yancey a letter on September 23, 1937, which was prior to the trial of the case, and which letter is in part as follows:

"The limit of our coverage is $5000.00 as to any one person injured, and $10,000.00 as to any two, subject, however, to the limit of $5000.00 as to any one person. Therefore, under these suits as

filed, the demand of Mrs. Bowden for her own injuries, and the demand of her husband for losses he sustained as husband of Mrs. Bowden, comes under the one limit of $5000.00, in as much as there was only one injury, though it gave rise to two causes of action. Mr. Bowden's claim for his own personal injuries, which does not include his claim for loss of services and expenses for his wife's injuries, is subject also to a limit of $5000.00

"This explanation is given to you so that you may understand the limits of coverage."

This letter was received by complainant prior to the trial of the two cases in the Federal Court, and he admits in his deposition that he construed the provisions of the policy as set forth in the letter on the subject of limitation of liability etc.

We think that the facts of this case readily distinguish it from the cases cited and relied upon by appellant and from which we have quoted as above, for at least two reasons. In the present case the suits by the respective plaintiffs were for damages recoverable as the result of the injuries sustained by the respective plaintiffs. The matters sued for were within the coverage of the policy. In other words, the plaintiff, Mrs. Sybil N. Bowden, had a cause of action for her own personal injuries, and for which she sued. The husband also had a cause of action, not only for the personal injuries sustained by him as the result of the accident, but also for the recovery of the medical expenses, loss of services, etc., as set forth in the second count of the husband's declaration. However, under the provisions of the policy the liability of the insurer was limited to $5,000 in any one case, including all consequential damages growing out of the injuries to any one person. This coverage included all consequential damages growing out of the personal injuries sustained by Mrs. Sybil N. Bowden.

The defendant in those suits, the insured, was liable to the respective plaintiffs for the elements of damages respectively sued for. However, it appears from this record that the defendant insurer in the present suit, sought to have an instruction from the District Judge to the jury in the case of William A. Bowden, that if they found for the plaintiff in his case, that the verdict would show how much of the same, if any, was awarded under the first count, and how much, if any, was awarded under the second count. This special request was denied by the learned District Judge, and his action in so doing is made one of the grounds in the motion for a new trial.

Another significant fact appears from the attitude of the personal counsel, Ross & Ross, employed separately by Yancey to assist and personally represent the defendant, Yancey, in the two suits. These personal attorneys, solicitors for Yancey, in a letter to Waldrop

& Hall, the solicitors representing the Insurance Company, dated October 14, 1937, stated:

"Frankly, Mr. Yancey is not interested in the appeal. He feels that in so far as he is concerned, he has come out just about as well as could be expected.

\* \* \* \*

"Now, as to the fifth ground (of the motion for a new trial in the Bowden case), it is sufficient to say that if the court had charged as requested, it would have been directly adverse to the defendant. It is and will be his insistence that the amount of the verdict in favor of William A. Bowden is a liability of the insurance company, whereas, if the Judge had charged as requested, then there would have been perhaps, a separate finding on each count, and Yancey would have been liable for the amount for hospital and medical bills, loss of services, etc.; hence, as stated, he is not only not interested in having the court charge as requested, but directly interested to the contrary, for the general verdict, which is undoubtedly the law, protects him."

From this letter the attitude of Yancey, with respect to procuring a return by the jury of separate verdicts referable to the respective counts of the declaration in the William A. Bowden case, is revealed.

We are therefore of the opinion that the facts of the present case are entirely dissimilar from the cases cited and relied upon by appellee and takes the present case out of the rule therein announced. We are further of the opinion that no rule of waiver or estoppel finds application to the present suit.

The record shows that the attorneys representing the insurer sought to introduce the bill of exceptions, containing the testimony of William A. Bowden in his suit against Yancey, for the purpose of showing the amount of the expenses incurred by him in the way of doctor's bill, hospital expense, loss of services, etc., sued for in the second count of the declaration. The chancellor sustained an objection made by the solicitor for the complainant, and excluded this evidence. As above stated, the action of the court in so ruling is made the basis of one of the assignments of error by the defendant on this appeal, and numerous cases have been cited and relied upon by appellant in support of this assignment of error, including Washington Gaslight Co. v. District of Columbia, supra; Russell v. Place, supra; Cromwell v. Sac County, supra; Littleton v. Richardson, supra.

Regardless of whether this evidence was competent, it does show an effort upon the part of the defendant, Insurance Company, to have the record afford some evidence on the question of how much of the jury verdict of $2,500 was intended to cover the matters sued for in the second count of the declaration, so as to afford some basis for arriving at the proper amount of the jury verdict for which the defendant would be liable in the William A. Bowden case. This effort was resisted by the solicitor for complainant. We think that it is clear from the record that complainant did not want any evidence

in the record that would afford a basis for apportioning the jury verdict between the first and second counts of the declaration in the William A. Bowden suit.

We are further of the opinion that the $5,000 paid by the defendant insurance company on the judgment obtained by Mrs. Sybil N. Bowden was the full limit of its liability on account of any injuries sustained by her and recovered by her in her suit, including all consequential damages resulting therefrom. This was the full amount of the coverage of the policy as to the injuries and all consequential damages resulting therefrom, sustained by Mrs. Sybil N. Bowden, under the specific and unambiguous provisions of the policy contract as hereinbefore quoted and referred to on that subject.

We are further of the opinion that the burden of proof was upon the complainant to show by proof, if he could, how much, if any, of the jury verdict and the judgment thereon was for the personal injuries sustained by him, since the liability of the insurer as to William A. Bowden would be limited to the amount allowed for the personal injuries sustained by him, and any consequential damages resulting from his injuries, but not for consequential damages, including the items contained in the second count as to his wife, resulting from the injuries sustained by her, since these items could only be recovered under the coverage of the policy in the verdict for the wife.

In this view of the case, we are of the opinion that the complainant having failed to show by proof the amount of the judgment in favor of William A. Bowden that would be within the coverage as to him, there can be no recovery in the present suit against the defendant, Utilities Insurance Company. Any recovery would necessarily have to be the result of conjecture, speculation, or guess, and this is certainly not permissible under the settled rule against speculative judgments.

We are therefore constrained to hold that the learned Chancellor was in error in decreeing a judgment in favor of complainant under the facts as shown by the record in this case.

It results that the decree of the chancellor is reversed and the suit dismissed.

Anderson and Ketchum, JJ., concur.