Audrey MORRIS, Executrix of the Last Will and Testament of Florence Virginia Day Utermoehlen, Plaintiff-Appellant,

v.

WESTERN STATES MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

No. 12533.

United States Court of Appeals Seventh Circuit.

June 23, 1959.

Harris A. Gilbert, Norman & Norman, Nashville, Tenn., Ward Hudgins, Nashville, Tenn., McGlynn & McGlynn, East St. Louis, Ill., for appellant.

Bert P. Snow, Freeport, Ill. James L. Reed, Edwardsville, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Florence Virginia Day, the original plaintiff in this cause, and her husband, residents of Maryland, were injured in an automobile accident near White Bluff, Tennessee. He died shortly thereafter She brought action in a Tennessee District Court, alleging negligence on the part of the defendants, residents of Illinois, owner and driver of a truck involved in the accident. The truck was insured by Western States Mutual Automobile Insurance Company (hereinafter called "Western.")

Mrs. Day claimed damages of $100,000 each for injuries to her husband for his wrongful death, for damages sustained by her on account of his death, and for her own personal injuries; and $4,000 for property damage to her automobile.

The insured defendants were advised that the damages sought exceeded the Western policy limits, but, after independent counsel's investigation, defendants left the defense of the cause to counsel for Western.

In the course of the trial in the Tennessee Court, counsel for Western suggested that:

> "If the jury should find in favor of the plaintiff, shouldn't they allocate so much for the death case and so much for the personal injuries of the plaintiff?"

to which counsel for Mrs. Day replied:

> "We would not object as to a finding as to the property damage, but we think that her personal injuries and loss of services both should be in one judgment. There is no diversity of interest as far as the defendant is concerned, so there would

be no question about allocation as between parties."

Whereupon the Court asked:

"Do you wish to be heard on the question?"

Counsel for Western replied: "No, your Honor," and the Court continued to instruct the jury:

"Inasmuch as all the damages are sued for in one complaint, including the personal injuries, loss of her husband, and the damage to the personal property, I think that one verdict would cover all three claims. I hand you the blank forms of verdict, Ladies and Gentlemen of the Jury. You may now retire and consider your verdict."

The jury returned a general jury verdict in favor of Mrs. Day for $70,000. No motion for new trial was filed.

Western paid in $15,000, plus interest, to the Tennessee District Court, but has refused to pay any additional part of the $70,000 judgment.

Plaintiff herein, substituted for Mrs. Day who died June 1, 1957, sought to recover the $55,000 remaining unpaid on the judgment.

This action involves a limited coverage insurance policy wherein the amounts of personal injury liability were $15,000 for each person, or $30,000 for injury to two or more persons, in each accident, and the amount of property damage liability was not to exceed $5,000.

Default judgment for $55,000 was entered against the owner and driver of the truck who neither appeared nor pleaded to the complaint herein.

Plaintiff prayed for summary judgment against Western in the amount of $19,000. It is plaintiff's position that Western was obligated for $15,000 representing injuries and loss of life to Mr. Day, plus $4,000 property damage sustained by Mrs. Day, in addition to the $15,000 already paid by Western on the judgment for injuries to Mrs. Day.

Western contends that in the absence of allocation of damages it cannot be required to pay more than the limited amount for personal injury damages to one person.

The District Court denied plaintiff's motion for summary judgment, but granted Western's motion for summary judgment in its favor on the pleadings. Plaintiff appealed.

■ Plaintiff has not proven and cannot prove that the general verdict and judgment for a total sum of $70,000, awarded solely to Mrs. Day, was in fact based on three different claims so as to entitle her to the maximum amount due under the insurance policy. The entire judgment may have been based on any one of several counts in Mrs. Day's complaint in which she sought damages of $100,000. There is no showing as to what amount, if any, was awarded for the wrongful death of Mr. Day; what amount, if any, for the personal injuries of Mr. or Mrs. Day; or what amount, if any, for the property damage. Tennessee does not limit the amount of recovery which may be awarded for wrongful death or personal injuries.

Plaintiff argues that Western, which was in control of the defense in the Tennessee Court, is estopped to complain of the instructions herein quoted above, having failed to request special instructions and having failed to file objections under the Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A. However, Western is not basing an appeal for the judgment on allegedly erroneous instructions. It is merely arguing that any allocation now made can be based only on pure conjecture.

■ It is axiomatic that the substantive law applicable here is the law of the State where the accident occurred, and that the precedents of that State are controlling. The District Court accordingly relied on Yancey v. Utilities Ins. Co., 1939, 23 Tenn.App. 663, 137 S.W.2d 318. There husband and wife were both injured in a collision. The wife brought suit for $10,000 for her personal injuries. Her husband, in a separate count, sought to recover $10,000 for his in-

juries, various expenditures incurred for his wife, and loss of consortium. The jury returned a verdict of $7,500 for the wife and $2,500 for the husband. The policy in question provided that payment of $5,000 for injuries to one person included all claims including consortium of such person. The insurance company paid $5,000 to the wife, on her judgment, but refused to pay the husband because the award of $2,500 was not apportioned, and it was impossible to ascertain whether the jury awarded the $2,500 solely for his personal injuries or whether the award in part covered loss of consortium. Yancey, the insured, after paying the husband's judgment, sued his insurer. The Tennessee Appellate Court held: that failure to prove, by proper allocation, that the amount of the judgment as to the husband was within the coverage as to the husband, barred recovery from the insurance company.

Plaintiff argues that the Yancey case is distinguished from that before us because the suit was brought by Yancey the insured, not, as here, by the executrix of the injured party; that two separate persons sought and secured judgments, unlike this case where Mrs. Day alone secured a judgment; and that the counsel for the insurer in the Yancey case tendered a detailed special request, which was denied, for allocation of damages on the two counts. We cannot agree. The Yancey case appears to us to be very much in point. The Court there held that one who suggests separate verdicts cannot be estopped to claim that a single verdict for one lacks proof of damages to two persons. The record before us discloses such suggestion was made by counsel for Western and opposed by counsel for Mrs. Day.

■ Where the judgment includes elements for which the insurer is liable and elements outside the range of coverage, apportionment of damages to the respective causes of action is a burden on the party seeking to recover from the insurer. General Accident Fire & Life Assur. Corp. v. Clark, 9 Cir., 1929, 34 F.2d 833.

Summary judgment for Western was clearly dictated here. To rule otherwise would have required the District Court to indulge in conjecture and speculation.

Affirmed.