**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL LASTRA,
               Appellant,

      v.

DEPARTMENT OF COMMERCE,
               Agency.

DOCKET NUMBER
SF-0432-18-0143-I-1

DATE: January 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephanie F. Dominguez, Esquire, and Nicole T. Sebial, Esquire, Grand
    Terrace, California, for the appellant.

Chieko Clarke, Esquire, and Josh Hildreth, Esquire, Alexandria, Virginia,
    for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which reversed the appellant's removal. The appellant has also filed a motion for waiver of interim relief. For the reasons discussed below, we GRANT the appellant's motion for waiver of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interim relief, DENY the agency's petition for review, and DENY the appellant's cross petition for review. Except as expressly MODIFIED by this Final Order to revise the administrative judge's analyses of the appellant's allegations of retaliation for requesting reasonable accommodation and disparate treatment disability discrimination, we AFFIRM the initial decision.

## BACKGROUND

The agency removed the appellant from his Patient Examiner position for performance reasons. Initial Appeal File (IAF), Tab 12 at 51. On appeal, he challenged the action and alleged that, in taking it, the agency discriminated against him on the bases of race/national origin (Hispanic), disability, and age, and retaliated against him for filing a reasonable accommodation request. IAF, Tab 1 at 6. After a hearing, the administrative judge found that the agency had violated the appellant's due process rights, consistent with the decision of our reviewing court in *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368 (Fed. Cir. 1999), and that therefore, the action must be reversed.[1] IAF Tab 54, Initial Decision (ID) at 1, 7-14. The administrative judge considered the appellant's affirmative defenses, finding none sustained, and ordered the agency to afford the appellant interim relief, if either party filed a petition for review. ID at 14-28.

On review, the agency argues that the administrative judge erred in finding that it violated the appellant's due process rights in taking the action. Petition for Review (PFR), Tab 3. We have carefully considered the agency's arguments but find that the agency has not provided a reason to disturb the administrative judge's well-reasoned findings. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98,

---

[1] Our reviewing court's reasoning rests on the Supreme Court's decision in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546 (1985) (holding that a tenured public employee has a property interest in ongoing employment and that an agency may not deprive such an employee of his property rights without due process of law, including the right to prior notice of the evidence against him and an opportunity to respond).

105-06 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant has filed a motion for waiver of interim relief, PFR File, Tab 5, and a cross petition for review, PFR File, Tab 6. We address both of these matters below. In addition, we modify the administrative judge's analyses of the appellant's allegations of retaliation for seeking reasonable accommodation and disparate treatment disability discrimination to apply the appropriate standards to those claims, but find that, even under the proper standards, the appellant did not establish his claims.

## ANALYSIS

The appellant's motion for waiver of interim relief is granted.

As noted in her initial decision, the administrative judge ordered the agency to provide the appellant with interim relief, if either party filed a petition for review. ID at 28. The agency has not, with its petition for review, provided evidence of interim relief or otherwise addressed the administrative judge's order for such. PFR File, Tab 3. The appellant has filed a motion, stating that, because he is currently receiving a retirement annuity from the Office of Personnel Management (OPM), and believes it would be more prudent to await the Board's final decision, he wishes to waive his right to interim relief. PFR File, Tab 5 at 4-6.

The Board's regulations are silent on the issue of the waiver of interim relief. However, in certain cases where the appellant has an alternative source of income derived from Governmental benefits, the Board has held that it is generally inappropriate for the administrative judge to order interim relief. *See, e.g., Evono v. Department of Justice*, 69 M.S.P.R. 541, 544 (1996) (finding that interim relief generally should not be ordered when an appellant is receiving

Office of Workers' Compensation Programs benefits at the time an initial decision is issued); *Siu v. Office of Personnel Management*, 59 M.S.P.R. 394, 396 (1993) (finding that an administrative judge generally should not order interim relief in a retirement appeal in which the appellant seeks additional benefits when he is already receiving retirement benefits from OPM).  Although neither of these cases specifically addresses the appellant's situation, the intent of interim relief is to protect the appellant from hardship during the pendency of the petition for review if he prevails in the initial decision.  *Kolenc v. Department of Health and Human Services*, 120 M.S.P.R. 101, ¶ 10 (2013); *Smith v. Department of Veterans Affairs*, 59 M.S.P.R. 340, 350 (1993).  Therefore, in accordance with the remedial purpose of the interim relief provisions, the option to accept or decline interim relief rests with the appellant.[2]  *Smith*, 59 M.S.P.R. at 350 (finding without merit the agency's objection to the appellant's motion to waive interim relief).

Under the circumstances, and noting that the agency has not challenged it, we grant the appellant's motion for waiver of interim relief.  PFR File, Tab 8.  If issues arise as a result of the Board's order to reinstate the appellant, he may raise them in a petition for enforcement before the administrative judge, after issuance of this final decision.

The appellant's allegations of discrimination and retaliation are denied.

The appellant has not, in his cross petition for review, challenged the administrative judge's findings not sustaining any of his allegations of discrimination and retaliation.  PFR File, Tab 6 at 26-27.  Specifically, the administrative judge found that the appellant did not show that either his age or his race/national origin was a motivating factor in the agency's action and that therefore those affirmative defenses were denied.  ID at 14-17.  The

---

[2] OPM's regulations provide that interim relief ordered in an initial decision can end when, *inter alia*, an employee requests that such interim relief be canceled.  *See* 5 C.F.R. § 772.102(b)(3).  Although the Board is not required to defer to OPM's regulations concerning interim relief, *see, e.g., Ginocchi v. Department of the Treasury*, 53 M.S.P.R. 62, 71 n.7 (1992), we find it appropriate to consider them.

administrative judge applied the same analysis to the appellant's allegation of retaliation and denied it as well. *Id.* As to the appellant's claim of disability discrimination, the administrative judge found that, while he was disabled by Parkinson's disease and was a qualified person with a disability, ID at 18, he did not establish either that he was subject to disparate treatment because of his disability, ID at 17-22, or that the agency did not accommodate him regarding two alleged oral requests for accommodation, ID at 22-27. With the exceptions addressed below, our review of these findings does not suggest any reason to reweigh the evidence or substitute our assessment of the evidence for that of the administrative judge. *Crosby,* 74 M.S.P.R. at 105-06; *Broughton,* 33 M.S.P.R. at 359; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (finding that the Board may overturn an administrative judge's credibility determinations only when it has "sufficiently sound" reasons for doing so). The appellant's failure to challenge any of the administrative judge's findings and credibility determinations related to his affirmative defenses does not provide a basis to disturb the administrative judge's conclusions. *Gager v. Department of the Commerce,* 99 M.S.P.R. 216, ¶ 5 (2005).

The administrative judge considered the appellant's claim of retaliation for requesting reasonable accommodation as a claim of retaliation for engaging in protected equal employment opportunity (EEO) activity. ID at 7, 14-17. As with the appellant's claims of discrimination based on age and race/national origin, the administrative judge found that he did not meet his burden of showing that his request for reasonable accommodation was a motivating factor in the contested personnel action. ID at 14-17.

In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 46, which was decided after the issuance of the initial decision in this case, the Board held that claims of retaliation under the Americans with Disabilities Act (ADA) are to be analyzed solely under a but-for causation standard. The Board stated that it applies standards under the ADA, as amended by the Americans with

Disabilities Act Amendments Act of 2008, to determine whether there has been a violation of the Rehabilitation Act. *Id.*, ¶ 35. The Rehabilitation Act protects reasonable accommodation requests—the protected activity at issue in the appellant's retaliation claim. *Id.*, ¶ 44. Nevertheless, because we agree with the administrative judge's unchallenged determination that the appellant did not prove his ADA reprisal claim under the lesser motivating factor standard, the appellant necessarily did not satisfy the more stringent standard of proving that he would not have been removed but for his reasonable accommodation requests. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 31-32 (finding that an employee who did not meet the lesser motivating factor standard necessarily did not meet the more stringent but-for standard applicable to his ADA reprisal claim).

In analyzing the appellant's allegation of disability discrimination, the administrative judge found that the appellant did not show that he was subjected to disparate treatment based on his disability, ID at 19-22, or that the agency did not accommodate him,[3] ID at 22-27. The administrative judge denied the appellant's disparate treatment disability discrimination claim on the grounds that the appellant did not establish a prima facie case under the framework from *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-05 (1973). ID at 19-22.

In *Pridgen*, 2022 MSPB 31, ¶ 25 (internal quotations omitted), the Board approved the use of the *McDonnell Douglas* framework, not as a rigid, mechanized methodology, but as a sensible, orderly way to evaluate evidence of employment discrimination. We therefore take no issue with the application of the framework for that purpose. However, an appellant may prove a claim of

---

[3] As the administrative judge noted, the parties stipulated that the appellant made two requests for reasonable accommodation which the agency granted, that is, he was granted full-time telework with no reporting requirement and his duty station was changed to a location agreeable to him. ID at 23; IAF, Tab 46 at 7, 8. The appellant alleged that he made two additional oral requests for accommodation, but the administrative judge found that he did not do so. ID at 23-24.

disparate treatment disability discrimination under the motivating factor standard. *Id.*, ¶ 42.

Ultimately, however, application of the *Pridgen* standards does not require disturbing the administrative judge's denial of the appellant's disparate treatment disability discrimination claim. In denying the claim, the administrative judge found, among other things, that there was no evidence that the appellant's disability was considered at any point in the performance improvement process. ID at 20-22. In light of the administrative judge's unchallenged findings supporting the denial, we conclude that the appellant did not establish even the lower burden set forth in *Pridgen* that his disability was a motivating factor in his removal.

The appellant's cross petition for review is denied.

In his cross petition for review, the appellant argues only that, should he prevail on review, he is entitled to "front pay"[4] as well as back pay. PFR File, Tab 6 at 26. He expresses his belief that reinstatement would not be an appropriate remedy because his former supervisor's hostility toward him aggravates the symptoms of his Parkinson's disease, making a productive and amicable working relationship impossible. *Id*. at 27.

In some instances, returning an employee to his former position has been found to be an inappropriate remedy for discrimination. *See, e.g.*, *Lewis v. Federal Prison Industries, Incorporated*, 953 F.2d 1277, 1279-81 (11th Cir. 1992) (finding the remedy of "front pay," rather than reinstatement, appropriate when a discriminatory work environment rendered the employee unfit to return to that environment, and when only a short time remained until his mandatory retirement); *Equal Employment Opportunity Commission v. Prudential Federal Savings and Loan Association*, 763 F.2d 1166, 1172-73 (10th Cir. 1985) (finding that reinstatement may not be appropriate when an employer has exhibited

---

[4] Front pay is defined as court-ordered compensation for the post-judgment effects of continuing employment discrimination. *Black's Law Dictionary* 784 (10th ed. 2014).

extreme hostility, making a productive and amicable working relationship impossible).

The Board has not addressed whether, or to what extent, it has the authority to award front pay. *Garrison v. Department of the Navy,* 88 M.S.P.R 389, ¶ 11, n.* (2001). We need not reach the issue of whether front pay would be appropriate in this case because the appellant has not prevailed on any of his discrimination claims. ID at 14-27. In any event, if issues arise as a result of the Board's order to reinstate the appellant, he can raise them in a petition for enforcement before the administrative judge, after issuance of this final decision.

In sum, we agree with the administrative judge that the appellant's removal must be reversed. The agency may not remove the appellant unless and until he is afforded a new "constitutionally correct removal procedure." *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 13 (2011) (citing *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011), and *Stone* 179 F.3d at 1377)).

## ORDER

We ORDER the agency to cancel the appellant's removal and to retroactively restore him effective April 18, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due,

and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _Jennifer Everling_
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

<u>Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:</u>

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.